ROSA (KARMITZ) WEISS, RESPONDENT, v. MORRIS WEISS, APPELLANT.

Submitted July 5, 1920—Decided November 15, 1920.

1. Evidence as to the financial standing of the defendant is admissible upon the question of damages in an action for slander.

2. The mode of proving the wealth of the defendant for the purpose of increasing damages, in a suit for slander, depends upon the question whether the damages to be allowed are compensatory or punitive in their nature. In the former case the damages are enhanced by the reputation of the defendant as to his circumstances and standing, and, therefore, the evidence should relate to his reputed wealth and standing. In the other case the inquiry should be as to his actual pecuniary ability, and hence the amount of his property should be stated by persons having knowledge of the subject.

3. If express malice (*i. e.*, a wrongful personal intent to injure) on the part of the defendant is shown, punitive damages are proper in a suit for slander.

4. In civil causes it is within the discretion of the trial judge to permit the cross-examination of a witness, who is also a party to the suit, concerning any matter relevant to the issue, even though it was not touched by the examination in chief, and such judicial action is no ground for reversal on appeal.

On appeal from the Supreme Court.

For the appellant, *Frank E. Bradner*.

For the respondent, *Edward Schoen*.

The opinion of the court was delivered by

TRENCHARD, J.   This action was begun in the Essex Circuit Court to recover damages for slander. The trial resulted in a verdict for the plaintiff, the judgment entered thereon was affirmed in the Supreme Court, and the defendant appeals to this court.

We are of the opinion that the appeal is without merit.

The only ground of appeal argued is the determination of the Supreme Court that there was no error in admitting the following question to Morris Weiss, the defendant, on cross-examination at the trial:

"*Q*. What do you consider your fair worth in money to be?"

The appellant insists that "evidence of the defendant's actual financial worth was irrelevant and incompetent for any purpose." But that is not so.

It is settled in this state that evidence as to the financial standing of the defendant is admissible upon the question of damages in an action for slander.

In *Flaacke* v. *Stratford, 72 N. J. L.* 487, it was said: "There is a contrariety of view on this subject, but the competency of such evidence (as to the financial standing of defendant) is supported by the preponderance of authority, and this is the better rule, for on the question of compensatory damages it can be safely stated that as a general rule wealth is an important element of social position, standing and influence, and the words of a man of wealth carry more weight than those of one in less affluent circumstances, and therefore a defamation by him will probably cause greater injury, while on the question of punitive damages it is obviously proper that the wealth of the defendant should be considered, because an award which would practically bankrupt a poor man would be but a light punishment as against a man of considerable wealth."

It will be seen, therefore, that the mode of proving the wealth of defendant for the purpose of increasing damages depends upon the question whether the damages to be allowed are compensatory or punitive in their nature. In the former case, the damages are enhanced by the reputation of the defendant as to his circumstances and standing, and therefore the evidence should relate to his reputed wealth and standing. In the other case, the inquiry should be as to his actual pecuniary ability, and hence the amount of his property should be stated by persons having knowledge of the subject.

It is also entirely settled that if express malice (*i. e.,* a wrongful personal intent to injure) on the part of the defendant is shown punitive damages are proper. *Finkelstein* v. *Geismar,* 91 *N. J. L.* 46; *affirmed,* 92 *Id.* 251; *Hulbert* v. *Arnold,* 83 *Id.* 114; *Haines* v. *Schultz,* 50 *Id.* 481.

Tested by these rules, it appears that it was competent for the plaintiff to prove the actual financial worth of the defendant, since admittedly the evidence tended to show that the defendant wrongfully intended to injure the plaintiff.

It is also urged that the judgment should be reversed because the question under consideration, put to the defendant on cross-examination, was not proper cross-examination in that it was outside of the scope of the examination in chief.

But this contention has no legal basis. This court has decided that, in civil cases, it is within the discretion of the trial judge to permit the cross-examination of a witness, who is also a party to the suit, concerning any matter relevant to the issue, even though it was not touched by the examination in chief, and that such judicial action is no ground for reversal on appeal. *Risely* v. *Ocean City Development Co.*, 75 *N. J. L.* 840.

The judgment below will be affirmed, with costs.

*For affirmance*—SWAYZE, TRENCHARD, BERGEN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 11.

*For reversal*—None.