GEORGE DECKER, PLAINTIFF-APPELLANT, v. GERTRUDE EVERSON AND CHESTER EVERSON, DEFENDANTS-RESPONDENTS.

STEPHEN OWENS, PLAINTIFF-APPELLANT, v. GERTRUDE EVERSON AND CHESTER EVERSON, DEFENDANTS-RESPONDENTS.

Submitted October term, 1936—Decided November 12, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiffs-appellants, *Charles Handler.*

For the defendants-respondents, *Cox & Walburg* (*William H. D. Cox,* of counsel).

PER CURIAM.

This is an appeal from a judgment entered in the Essex County Circuit Court in favor of the defendant Chester Everson. The cases of the plaintiffs, consolidated on appeal, arose out of an automobile accident.

The testimony discloses that the defendant Chester Everson was driving an automobile belonging to his mother, Gertrude Everson, along a state highway in Mercer county when the car left the road and collided with a pole, as a result of

which the plaintiffs, who were riding in the car with him, suffered personal injuries. The accident occurred because the defendant Chester Everson fell asleep at the wheel.

The plaintiffs and the defendant Chester Everson and two other companions had been on a fishing trip. They had left Livingston, Essex county, New Jersey, about one o'clock in the morning of September 10th, 1934, had had a day's fishing in the southern part of the state, and were on their way home at about five-thirty in the afternoon, when the accident occurred.

The negligence charged in the complaint is that the said Everson operated the automobile negligently and "without proper brakes." The defense was a general denial of negligence and as a separate defense it was alleged that the plaintiffs assumed the risk of travel in the car. This defense relates to testimony, developed in the case, that the said defendant Chester Everson suffered and had suffered for several years from Bright's disease and that after seven or eight hours of wakefulness he was wont to drop off to sleep at any time; that this situation was known to both plaintiffs and that on a previous automobile trip he had had a similar accident because he fell asleep while driving the car.

At the end of the plaintiffs' case the court directed a verdict for Mrs. Everson. None of the grounds of appeal, nor any argument advanced by the appellant, challenge this directed verdict. At the end of the entire case the jury returned a verdict favorable to the defendant Chester Everson of no cause for action.

The appellants argue four points upon which they contend the judgment for the defendant Chester Everson should be invalidated. Under the first heading it is argued that the court fell into reversible error in its ruling on certain questions propounded to the several witnesses.

The question first complained of was one asked of the plaintiff Decker on cross-examination, as follows "Q. So you knew at the time when you got to New Brunswick, with just an hour's drive, he [Everson] was tired out and it made him sleepy?" The court allowed the question. The background leading up to this question was that when the group started

on the fishing trip in the early morning Chester Everson was driving. He drove the car only as far as New Brunswick, when he surrendered the wheel to the plaintiff Decker who drove for the remainder of the journey. The question was objected to as "improper." Counsel did not indicate its legal impropriety. In civil cases it is within the discretion of the trial judge to permit the cross-examination of a witness, who, as here, is also a party to the suit, concerning any matter relevant to the issue, even though not touched by the examination in chief, and such judicial action is no ground for reversal on appeal. *Weiss* v. *Weiss,* 95 *N. J. L.* 125; 112 *Atl. Rep.* 184, citing *Risley* v. *Ocean City Development Co.,* 75 *N. J. L.* 840; 69 *Atl. Rep.* 192.

The next question, the exclusion of which is said to constitute reversible error, was also asked of the plaintiff Decker on redirect examination as follows: "*Q.* Well, what is the conversation exactly as you do recall it?" The background of this question was that on cross-examination Decker was asked if he had not told Mrs. Everson, when she called to see him at the hospital where he was detained on account of his injuries, that he wasn't going to sue her. Decker replied, on cross-examination, that he didn't recall such a conversation whereupon plaintiff's counsel asked him what the conversation was. It seems to us that no matter what this plaintiff said to Mrs. Everson after the accident, about whether he was going to sue her, was absolutely immaterial and had nothing to do with the issues in the case.

Two further questions which were addressed to Mrs. Everson are said to have been erroneously disposed of by the court. The witness was asked if she hadn't said to Mr. Decker, when she saw him in the hospital after the accident, "don't worry, Mr. Decker, we are insured. You will be taken care of." This question, on cross-examination, was overruled by the court. We think the question was obviously immaterial. This witness was also asked this question: "*Q.* Did Mr. Decker tell you at that time [*i. e.,* after the accident] 'don't worry; I won't sue you.' " The court allowed defense counsel to ask this question over the objection by plaintiffs as to the form of the question. Decker had previously, on cross-

examination, testified that he had made no such statement to Mrs. Everson. The objection seems to have been directed against the order of proof, that it was rebuttal rather than within the bounds of a direct examination. No harm resulted or could result in the premises. None of this class of testimony was relevant or material in our view, and Mrs. Everson was later cross-examined by counsel for the plaintiffs on this very testimony. The court, strictly speaking, was not entirely consistent in its rulings on this phase of the testimony. However, looking at these questions as a whole, we cannot see that the admission of the one question and answer was such as to injuriously affect the substantial rights of the party plaintiffs. See section 27, Practice act, 1912 (*Cum. Supp. Comp. Stat. 1911-1924, p. 2819, § 163-303*).

Under this same heading it is next argued that the court erred in sustaining an objection to a question asked of the defense witness, Love, who also had gone on the fishing trip and was riding in the car at the time of the accident. The question asked on cross-examination was whether Love had received a settlement for his injuries. Love had said that he had been slightly shaken up. This was immaterial and the court's ruling was free from error.

Two more questions are argued as having been erroneously disposed of by the trial court. The first was directed, on cross-examination, to a witness, Schilling, who was also riding in the car when the accident occurred. Prior to this question there had been some testimony regarding whether there had been an invitation extended by Everson to the members of the party to ride in his mother's car. The witness wasn't very clear as to who invited the group and he had said, "well, somebody says 'get in,' I don't know who says 'get in,' but we all got in just the same." Then following the question, "it might have been Everson?" there was an objection to the question which was sustained. It is evident that the witness didn't know who extended the invitation and that any answer he might make would have been mere speculation. He had previously said that he didn't know who extended the invitation to get into the Everson car, and so we deem this ground to be without merit.

The court's action in overruling a second question under this heading is also argued as a ground for reversal. Mrs. Everson had testified that her son was prone to fall asleep without warning after an interval of eight or nine hours wakefulness, and there was testimony that he had been operating a Ford car in and around Livingston, where he lived, principally in going to and from his father's place of business, about a half mile away. Mrs. Everson was asked, on cross-examination, "in all this time you have allowed him to keep a license and to run about in this car?" Objection to the question was sustained. It was no abuse of discretion to exclude the question. ·It was manifest from the testimony in the case that, regardless of the condition from which this witness says her son suffered, he had been driving a car, around Livingston at least. This fact was clear to the jury and the admission or any exclusion of the evidence sought would neither help nor hurt the plaintiffs' case.

The next point argued is that the court erred in declining to direct a verdict in favor of the plaintiffs on the question of liability. The burden of the argument is that it was indisputably shown that the defendant, driver of the car, had fallen asleep and that thereby the accident was caused. Passing the question that this was not the negligence charged in the complaint and also assuming for the sake of argument that the plaintiffs were invitees or even passengers for hire, since there was testimony that the defendant Everson supplied the car as well as the gasoline and oil, and that the passengers in return paid the expenses incident to the fishing excursion, it was still a question of fact for the jury as to whether these two plaintiffs had not, with full knowledge of Everson's weakness and proneness to fall asleep without warning, assumed the risk of his driving the car, and this the court submitted to the jury. We find no merit in the point that the plaintiffs were entitled to a direction on the question of liability. The case of *Hendler* v. *Meadows,* 116 *N. J. L.* 176; 183 *Atl. Rep.* 214, is not in point.

It is next argued that the court was in error in its charge to the jury. We find no error in any portion of the charge to which exception was taken.

The concluding argument is that the rejection of the plaintiffs' request to charge constituted error. We have examined the three requests to charge submitted by the appellants. In our view, the subject-matter of the first and third were amply and correctly covered by the charge of the court to the jury, and the second request to charge was properly rejected.

The judgment will be affirmed, with costs.