BENJAMIN BLACKMAN, complainant-respondent,

*v.*

JOSEPH L. PINK et al., defendants-appellants.

[Argued May 22d, 1947.   Decided September 12th, 1947.]

*Mr. David Cohn,* for the complainant-respondent.

*Mr. Louis Santorf,* for the defendants-appellants Joseph L. Pink and Roslyn Pink, individually.

*Mr. Victor Ruskin,* for the defendants-appellants Joseph L. Pink, Harold Sadowsky, Frank Soifer and Alfred Gordon, co-partners, trading and known as Fabrics Novelty Processing Associates.

The opinion of the court was delivered by

CASE, CHIEF-JUSTICE.

The appeal is from an interlocutory order in the Court of Chancery appointing a master "with full powers to investigate the business of the said defendant, Joseph L. Pink, Harold Sadowsky, Alfred Gordon, Frank Soifer, and the Fabrics Novelty Processing Associates, a co-partnership, and Fabrics Novelty Processing Co., Inc., a body corporate, and their debts, obligations, liabilities, receipts and income, and their transactions and business dealings with the Equipment Sales Corporation and Fabrics Processing Co., and any and all agreements, sales and transfers, assignments, leases and

lettings respecting the assets, machinery, equipment, formulas and processes, from September 9th, 1941, to the date of inquiry, and in this connection to examine all books of account, papers, ledgers, cancelled vouchers and all books that constitute the bookkeeping system of the Equipment Sales Corporation and Fabrics Processing Co., Fabrics Novelty Processing Associates, a co-partnership, and Fabrics Novelty Processing Co., Inc., a body corporate, by and through their servants, officers, agents and directors, Joseph L. Pink, Harold Sadowsky, Alfred Gordon and Frank Soifer, and all transactions between them germane and relating to the matters and things mentioned herein; and the said Master is to inquire into and ascertain and to report to this Court with all convenient speed, his findings, together with all exhibits impounded and to be impounded by the said Master in connection with the terms of this order."

The bill of complaint grounds in the alleged failure of the defendant Pink to perform his part under an agreement made September 10th, 1941, between complainant Blackman and said Pink. Upon the filing of the bill and supporting affidavit Blackman obtained a rule to show cause why a restraint *pendente lite* should not issue and why a master should not be appointed with power. Enough appeared on the return of the rule to throw serious doubt upon the present existence of plaintiff's alleged rights. It is in the proofs that on September 10th, 1941, Blackman and Pink, theretofore partners in a textile processing business which they operated through two companies, namely, Equipment Sales Corporation and Fabrics Processing Company, entered into the agreement of dissolution, mentioned above, whereby Blackman undertook to assign his shares of capital stock in the corporations to Pink and Pink agreed to pay Blackman certain fixed sums of money plus a part of the profit over a named period. The contract contained a provision that the parties relinquished the right of litigating disputes arising out of the agreement in any court of law or equity and that the only method of settling disputes would be by arbitration in accordance with the New Jersey statute applicable thereto and the arbitration rules fixed by the American Arbitration Association. Later,

Blackman instituted an action against Pink in the Passaic County Circuit Court for the collection of the remainder said to be then due under the dissolution agreement. Pink answered that the parties had agreed to settle their disputes by arbitration and also that the parties had entered into another and later agreement whereby Blackman had agreed to accept $2,000 in full settlement, which sum had been paid in part and the balance tendered to and refused by him. Thereupon Blackman moved for an order compelling Pink to arbitrate the dispute pursuant to the original contract and Pink's filed answer. A jury was accordingly called and sworn and both parties submitted proofs. The parties appear by the transcript to have consented to the placing of the issue by the judge to the jury in a manner which brought the jury's subsequent finding within its purview. The jury finding was thus recorded: "and by their forelady (they) did say that they have agreed upon a verdict and say that they find the agreement dated September 10th, 1941, between the parties was abrogated by subsequent agreement which provided for the settlement of all disputes arising out of the aforesaid agreement for the sum of two thousand ($2,000.00) dollars." Thereupon the Circuit Court Judge signed an order that the proceeding for arbitration be dismissed, with costs. Pink amended his answer in the original Circuit Court action to embrace the jury's findings and moved to dismiss that suit. The motion was dismissed. The status of the respective claims thenceforward is confused.

Was there a novation by which the agreement of September 10th, 1941, was superseded and the obligation thereof transmuted into a liquidated amount of money, now partly paid? Is the present status of the September 10th, 1941, agreement *res judicata?* What obligation, if any, is presently owing by Pink and his co-defendants to complainant? The nature and extent of the relief, if any, to which complainant is entitled rest largely on the answers to these questions.

As we view the issues at this stage, it was for the complainant to establish his right to recover before he could proceed to prove the amount of a recovery by prying into the business transactions and the earnings of the defendant Pink

or of the partnerships or corporations through or by which his business was conducted. The order itself is not enlightening. The court's opinion, written for the purposes of the appeal and after the appeal had been taken, says little else than that the making of such an order is within the court's power. There is no dispute about the authority of the Court of Chancery to permit inspection and to order a discovery in proper instance; but the court is also bound to protect defendants against undue inquisition into their affairs. *Cocheu v. New Jersey General Security Co., 121 N. J. Eq. 457.* It is not shown that the discovery would serve any useful purpose except to prove the amount of earnings and the available assets—information which would not be pertinent until after the right to recover had been established and determined.

The appointment of a master with power to investigate, &c., will be reversed and the cause remanded to the Court of Chancery to be there proceeded with in a manner not inconsistent with this opinion.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McGEEHAN, McLEAN, JJ. 13.