11 N.J. Super. 311 (1951)
78 A.2d 300
JOHN WARREN, PLAINTIFF-APPELLANT,
v.
FRANK HAGUE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1951.
Decided January 16, 1951.
*312 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Theodore D. Parsons argued the cause for the appellant (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
Mr. John Milton argued the cause for the respondent (Messrs. Milton, McNulty & Augelli, attorneys).
The opinion of the court was delivered PER CURIAM.
The plaintiff's complaint alleges that the defendant maliciously and willfully libeled him and seeks compensatory and punitive damages. The defendant's amended answer denies the libel and asserts separate defenses. After extended intervening proceedings (Hague v. Warren, 142 *313 N.J. Eq. 257 (E. & A. 1948)), the plaintiff in April, 1949, served notice that he would take the testimony of the defendant before trial. Rule 3:26-1. At the same time the defendant was served with a subpoena ad testificandum in regular form, and a lengthy subpoena duces tecum which directed that he produce numerous documents bearing upon his financial resources. Rule 3:45. Thereafter the defendant served notice that he would apply for an order that the proposed deposition be not taken (Rule 3:30-2), the actual wealth of the defendant be not inquired into, and the scope of the examination be limited, on the ground that the taking of the defendant's deposition and inquiry into his actual wealth, "in the absence of prima facie proof of malicious defamation" would be an unlawful search and seizure of his property. The notice further stated that application would be made to quash the subpoenas on the ground that they were unreasonable and oppressive. Rule 3:45-2.
The defendant's motion was duly argued, briefs were submitted, and on July 6, 1949, formal opinion was filed. In this opinion Judge Giordano expressed his views that before the plaintiff could recover on his claim for punitive damages he would be required to establish express malice and since the defendant's actual wealth would only be material thereunder, his examination on that subject should not be permitted without advance prima facie showing of such malice. But cf. 4 Moore's Federal Practice (2d ed. 1950), pp. 2025, 2031. Thereupon, on August 12, 1949, an order was entered directing "that the deposition of defendant, proposed to be taken by plaintiff, be not taken, and that the subpoena commanding defendant to testify be quashed." We gather from the colloquy preceding the entry of this order that the court contemplated that it would simply prevent the taking of testimony pursuant to the particular subpoenas theretofore issued. At the argument on appeal counsel for the defendant conceded that although there has been determination by the lower court denying any right in the plaintiff to compel the defendant's testimony as to his actual wealth without advance prima facie showing of express malice, the plaintiff nevertheless remains *314 at liberty to subpoena, if necessary, and examine the defendant on other matters pursuant to Rule 3:26.
On August 12, 1949, the plaintiff applied for an order fixing a time and place for the taking of the defendant's deposition and prescribing the matters which may not be inquired into. At that time the application was denied but formal order of denial was not signed until March 29, 1950. On April 18, 1950, the plaintiff filed notice of appeal to this court from the orders of August 12, 1949, and March 29, 1950. The defendant moves to dismiss the appeal on the ground that the orders appealed from are interlocutory in nature and do not fall within any of the four classes of interlocutory orders, immediately appealable as such, under Rule 4:2-2. In so far as the order of August 12, 1949, is concerned, the additional ground is urged that the appeal therefrom was not taken within time. Rules 1:2-5, 4:2-5.
Under our former practice interlocutory appeals were permitted in Chancery but not at law. R.S. 2:29-117, 2:27-349. With the unification of our courts and the promulgation of the new Rules, the Supreme Court accepted the prevailing philosophy that partial and successive appeals should be discouraged (Morgantown v. Royal Insurance Co., 337 U.S. 254, 93 L.Ed. 1347 (1949)) and prohibited the taking of interlocutory appeals to this court, as of right, except in the four classes enumerated in Rule 4:2-2. The first class relates to injunctions and the second to receiverships; they are counterparts of the interlocutory appeals long available in the federal courts. 28 U.S.C.A., § 1292. The third class relates to appeals from determinations that the court has jurisdiction over the subject matter or the person and the fourth relates to instances where it is necessary to preserve the res or status quo and prevent irreparable injury. In the instant matter it is clear that the orders appealed from are interlocutory in nature and that no questions of jurisdiction or preservation of the res or status quo within Rule 4:2-2 are presented. Cf. Behrman v. Egan, 9 N.J. Super. 171, 176 (App. Div. 1950); State v. Cicenia, 9 N.J. Super. 135, 139 (App. Div. 1950). The plaintiff urges, however, that, in effect, the orders *315 restrained the plaintiff from proceeding with his examination of the defendant and may be deemed to be appealable injunctive orders within Rule 4:2-2.
In Enelow v. New York Life Ins. Co., 293 U.S. 379, 381, 79 L.Ed. 440, 442 (1935), Chief Justice Hughes, in construing the federal provision permitting interlocutory appeals from injunctive orders, pointed out that it relates to orders which "constitute an exercise of equitable jurisdiction in granting or refusing an injunction" as distinguished from a mere stay which a court "may grant in a cause pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice." See Morgantown v. Royal Insurance Co., supra. Most interlocutory orders, including the granting of continuances, the striking of separate defenses, and the limitation of examination, have some restraining effect, yet it has never been suggested that they constitute injunctions within the accepted use of that term. The appellant seeks to place reliance upon Rinaldi v. Mongiello, 4 N.J. Super. 7 (App. Div. 1949). There the court held that an order of the Law Division in a proceeding in lieu of prerogative writ (Rule 3:81) restraining an independent administrative proceeding before a municipal director of revenue and finance, constituted an injunction within Rule 4:2-2; nothing in its opinion suggests applicability to orders of the nature entered below. Cf. In re Url, 5 N.J. 507, 512 (1950); Beckhardt v. National Power & Light Co., 164 F.2d 199 (2d Cir. 1947).
The order of March 29, 1950, has no restraining effect and is not injunctive in substance or form. Similarly, the order of August 12, 1949, is not an injunction within the meaning of Rule 4:2-2 although it quashes the particular subpoenas issued and prohibits the proposed examination thereunder. The orders do not fall within any of the classes enumerated in Rule 4:2-2 and are not presently appealable; furthermore, the notice of appeal from the order of August 12, 1949, was filed well beyond the maximum time permitted by the Rules. See Rules 1:2-5, 4:2-5; Semenya v. Metals Disintegrating Co., 5 N.J. Super. 363 (App. Div. 1949).
*316 The plaintiff apparently contends that the orders constitute such serious curb on his important right of discovery that, in the interests of justice (Scott v. Stewart, 2 N.J. 508, 511 (1949)) their validity should now be determined, notwithstanding their interlocutory nature. That contention seems inappropriately addressed to this court in view of the express and continued governing limitations in the Rules of our Supreme Court; a comparable contention was rejected in Morgantown v. Royal Insurance Co., supra, where the United States Supreme Court stressed the overriding policy against encouraging "piecemeal appeals." Furthermore, the existence of the serious curb suggested by the plaintiff may be questioned. As counsel for the defendant has conceded, there is nothing outstanding which prevents the plaintiff from proceeding expeditiously with the issuance of a new subpoena, if necessary, and examination of the defendant before trial on matters other than his actual wealth. See Rules 3:26-1, 3:45. Thereafter if the plaintiff is in position to establish, prima facie, the express malice required by the views expressed by Judge Giordano, upon which we do not in any wise pass, he may still be permitted by the lower court, upon appropriate showing, to inquire in advance of jury trial as to the defendant's actual wealth. Cf. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 694, 77 L.Ed. 1449, 1454 (1933); Moore, supra, p. 2041.
The appeal is dismissed, with costs.