77 N.J. Super. 18 (1962)
185 A.2d 241
WALTER GIERMAN, PLAINTIFF,
v.
ARTHUR J. TOMAN, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 23, 1962.
*19 Mr. Gabriel Kirzenbaum, attorney for plaintiff.
Mr. J. Schuyler Huff, attorney for defendants.
*20 SCHWARTZ, J.S.C. (temporarily assigned).
Plaintiff by pretrial discovery (interrogatory) seeks to compel the defendant to state his "present personal net worth, including the following: (a) Describe and list bank accounts, real property, stocks, bonds, insurance, both life and casualty, and all other personal and real property; (b) Describe and list all obligations, debts and liabilities; (c) State defendant's personal taxable income, from all sources, for the years 1960, 1961 and 1962; (d) Set forth or attach copies of defendant's Federal Income Tax returns for the years 1960 and 1961."
Plaintiff's memorandum describes the action as a "false arrest" suit, while defendant's memorandum calls it an action for malicious prosecution. For my purpose I assume it is a malicious prosecution suit since a false arrest suit would not be sustainable where, as here, a complaint was made and a warrant issued in a regular manner and a hearing held before a magistrate. Baldwin v. Point Pleasant Beach and Surf Club, 3 N.J. Super. 284, 286 (Law Div. 1949).
The defendant maintains the interrogatory is improper, irrelevant and privileged, and designed for the purpose of harassment. The plaintiff apparently takes the position that the information requested is relevant and appropriate on the question of punitive damages claimed.
Punitive as well as compensatory damages are allowable in malicious prosecution suits. Dombroski v. Metropolitan Life Ins. Co., 18 N.J. Misc. 240, 12 A.2d 372 (Sup. Ct. 1940), affirmed 126 N.J.L. 545 (E. & A. 1940).
It appears fixed that where the damage claimed is to reputation, the injured party may establish the general reputation of defendant's financial circumstances and standing on the question of compensatory damages and also prove the actual pecuniary ability of the defendant as bearing upon the subject of punitive damages. Weiss v. Weiss, 95 N.J.L. 125 (E. & A. 1920), Neigel v. Seaboard Finance Co., 68 N.J. Super. 542 (App. Div. 1961).
*21 The information demanded is not privileged. See Neigel v. Seaboard Finance Co., supra, Finnegan v. Coll, 59 N.J. Super. 353 (Law Div. 1960).
The scope of interrogatories under R.R. 4:23-9 is confined to "matters which can be inquired into under Rule 4:16-2." The latter rule specifically deals with depositions and its scope applies to interrogatories (by reference) to the extent above mentioned. Therefore, we search for the matters which may be inquired into under R.R. 4:16-2. They appear to be those matters, not privileged, which are relevant to the subject matter involved in the pending action, relating to the claim or defense of an examining party or of any other party and including the existence, description, nature, custody, condition and location of any books, documents, or other tangible thing and the identity and location of persons having knowledge of relevant facts. The remainder of R.R. 4:16-2 does not concern "matters which can be inquired into" excepting disclosure of expert witnesses for a limited purpose and disclosure of insurance coverage. Neither of these relate to the question here. The rule also embraces writings which are not required to be produced unless the court otherwise orders on the basis of injustice or undue hardship. This again is of no materiality to the present issue.
The rule (4:23-9) for present purposes requires only that the interrogatory be relevant to the subject matter. Is the information sought "relevant to the subject matter"? The subject matter of a suit is defined as the nature of the cause of action and of the relief sought. Black's Law Dictionary (4th ed. 1951). The subject matter involved in an action is to be distinguished somewhat from the narrow issues raised by pleadings. Fed. Rules of Civil Procedure, Rules 26(b), 30(a), 28 U.S.C.A. Chemical Specialties Co. v. Ciba Pharmaceutical Products, Inc., 10 F.R.D. 500 (D.N.J. 1950).
Our discovery proceedings were altered with the advent of the new rules. Theretofore interrogatories were confined to *22 matters material to the issues, while the rule now requires relevancy to the subject matter. The range has been widened. See Strecker v. Devine, 11 N.J. Super. 272 (Law Div. 1951).
An unreported decision by the Atlantic County Court of Common Pleas in 1941 held that an inquiry as to defendant's "actual wealth" and requiring completion of a financial statement was improper in an assault and battery action demanding punitive damages. The court reasoned that one of the tests applied was materiality to the principal issue and held that wealth of the plaintiff was not so material to the principal issue as to be within the contemplation of the statute. Erickson v. Friedrich, 64 N.J.L.J. 81. In effect, the court held that the principal issue was assault and battery and that punitive damages were secondary.
Again, before the new rules, our former Supreme Court in 1924 ruled that notwithstanding punitive damages were demanded in a malpractice action, a question at the trial requiring defendant to state his fair net worth in money, being allowed over objection, was error for the reason that malice or a wrongful motive had not been established. However, said holding indicates that proof of the existence of malice lays a foundation for punitive damages, and in those situations the wealth of a defendant is a matter for consideration, although generally speaking "The rich and poor stand alike in courts of justice." Smith v. Corrigan, 100 N.J.L. 267 (Sup. Ct. 1924).
More recently, in an action for libel demanding compensatory and punitive damages, the trial court, ruled that "Before the plaintiff could recover on his claim for punitive damages he would be required to establish express malice and since the defendant's actual wealth would only be material thereunder, his examination on that subject should not be permitted without advance prima facie showing of such malice." The Appellate Division dismissed an appeal without passing upon the propriety of the lower court's ruling. Warren v. Hague, 11 N.J. Super. 311 (1951).
*23 The information sought appears to be relevant to the subject matter of this suit since malice is an ingredient of a malicious prosecution action and punitive damages are demanded.
Is the sequence of proof to be controlling? Should malice be first established before a party has a right to such information? The last two cited cases rest on that basis. There is no connection between a defendant's wealth and compensatory damages but there is such connection when exemplary damages are demanded. The obviously objectionable features of the present demand are invasion of a traditionally personal and private domain as well as inconvenience of disclosing details. Strictly speaking, orderly procedure requires liability to be proved before damages are available. However, since pretrial discovery precedes proof, should a prima facie showing of the right to damages support such a demand? Defendant, even when successful in litigation, absorbs unrecoverable costs and inconvenience. While orderly procedure is preferable, deviation is common practice. The exigencies of a trial require departure at times. However, where a right of a litigant to insist on orderly procedure raises a substantial question of prejudice, albeit of an intangible nature, the strict adherence to procedure seems called for where the character of the harm is irreparable. See Handelman v. Handelman, 17 N.J. 1, 10 (1954). Just and orderly procedure here requires that prima facie proof of the right to recover punitive damages should precede the right to a general disclosure of wealth; and as to specific details such as requested here, the rules furnish sufficient protection against abuse and harassment.
Assuming the question were otherwise permissible, it is excessive in its demand for detail.
R.R. 4:23-11, concerning limitation of interrogatories adopts by reference the provisions of R.R. 4:20-2 for protection of litigants. R.R. 4:20-2 clothes the court with power to make various orders with regard to protection of the parties and concludes with the following, "or the court may make any other order which justice requires to protect *24 the party or witness from annoyance, embarrassment, or oppression."
Is the information requested by the plaintiff essential for complete justice? On the other hand, would it result in harassment? All avenues of approach for either party should be open under the rules for the complete, effective and just determination of an issue. However, beyond that a party should not be permitted an unbridled excursion into matters not essential. In Blackman v. Pink, 140 N.J. Eq. 397, 410 (E. & A. 1947), the court, in a dispute concerning inspection and discovery, said "but the court is also bound to protect defendants against undue inquisition into their affairs." "It is not shown that the discovery would serve any useful purpose except to prove the amount of earnings and available assets  information which would not be pertinent until after the right to recover had been established and determined." The United States Supreme Court (Justice Cardozo) has said:
"To hold that the plaintiff in an action at law may have discovery of damages is not to say that the remedy will be granted as of course, or that protection will not be given to his adversary against impertinent intrusion." Sinclair Refining Co. v. Jenkins Petroleum Proc. Co., 289 U.S. 689, 53 S.Ct. 736, 77 Law Ed. 1449, 1455 (1933).
I do not believe it is essential to the just determination of plaintiff's case that the detailed information sought should be compelled. To subject a defendant to such extreme annoyance and the time and trouble required to list all possible assets and liabilities in detail is harassment.
The information sought is permitted to enable the trier of the facts to arrive at the amount of punitive damages if such are to be awarded, since punitive damages are intended as a penalty for wrongful malicious conduct. Cabakov v. Thatcher, 37 N.J. Super. 249 (App. Div. 1955).
The wealth of a defendant becomes material, since what would amount to punishment visited upon a poor man would be a mere trifle to a man of wealth. This does not, however, *25 justify a roving inquiry into details. It is unthinkable that a court should sanction such broad and unlimited search and report of a defendant's personal holdings on the mere basis of demand for punitive damages. While discovery of assets in aid of execution would be another matter when necessary, here the breadth of the request is not imperative to plaintiff's suit. A jury could assess punitive damages adequately without having all details of a defendant's assets and liabilities. The concept of the right of privacy in our society rises higher than the needs of this plaintiff. The discretionary power of the court under the rules requires a balancing of the need of a plaintiff against the "annoyance, embarrassment or oppression" of a defendant. The plaintiff's right should be equated with the defendant's harassment.
If the defendant's wealth is of such significance in a given case that a jury should be aware of it in order to properly assess an appropriate sum as smart-money, the net worth or annual income or both would, in my judgment, serve the purpose. While I note that malicious prosecution suits are not looked upon with favor by our courts, Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552 (1955), such limited disclosure before trial should be tolerated, subject to the requisite proof as above noted, since, in addition to conventional purposes, it might conceivably aid in compromise and settlement of the litigation.
The motion to compel an answer to the interrogatory is denied.