**King v. Logue**

*Jerome Ellis*, for plaintiffs.
*Lowell A. Reed, Jr.*, for defendants.

GREENBERG, *J.*, November 28, 1978—This matter is before the court on plaintiffs' petition for reconsideration of our order dated March 13, 1978, denying plaintiffs' motion to compel answers to supplemental interrogatories.

In the present action, plaintiffs seek compensatory and punitive damages as a result of alleged medical malpractice committed by defendant, James Gibson Logue, Jr., M.D., in connection with an unsuccessful sterilization operation performed upon wife-plaintiff.

Plaintiffs by pretrial discovery (interrogatories) seek to compel defendant to release detailed information as to his personal financial worth in order to aid in the preparation of the punitive damage aspect of their case.

Under Pa.R.C.P. 4007 a deponent may be examined regarding "any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case," subject to the limitation of Rule 4011. Defendant contends that the amended supplemental interrogatories violate Rule 4011 in that they subject defendant to unreasonable annoyance, embarrassment, expense and oppression, seek information privileged under Rule 4011 and constitute an invasion of privacy with respect to defendant and others.

It is well established that punitive damages are imposed to punish a wrongdoer and to deter others from similar conduct in the future: Restatement,

Torts, §908, comment a; U.S. ex rel. Motley v. Rundle, 340 F.Supp. 807 (E.D.Pa. 1972). It is also clear that if a defendant is to be punished, his financial status is relevant in determining what will constitute an appropriate penalty: Aland v. Pyle, 263 Pa. 254, 256, 106 Atl. 349 (1919); Restatement, Torts, §908, comment e; Hannigan v. S. Klein's Dept. Store, 1 D. & C. 3d 339 (1976).

The issue remaining, therefore, is under what circumstances is information of defendant's financial worth discoverable, where the pleadings aver defendant's grossly negligent conduct and claim punitive damages. Our research discloses no Pennsylvania appellate court decisions on point. Lower court authorities are split as to whether or not disclosure of defendant's financial status can be compelled during the discovery stage of proceedings. Compare Judson v. Tracey, 25 D. & C. 2d 97 (1961) (discovery of individual defendant's financial condition permitted as relevant for jury consideration on the issue of punitive damages), with Pater v. Tomsic, 57 D. & C. 2d 340 (1972) (discovery not permitted where there was nothing of record to substantiate plaintiff's punitive damage claim other than the bald averments of the complaint, and the case was a type in which punitive damages are rarely allowed). Pretrial discovery of a defendant's personal status has been allowed in a number of jurisdictions. See Thoresen v. Superior Ct. of State of Arizona for Maricopa County, 11 Ariz. App. 62, 461 P. 2d 706 (1969); 27 A.L.R. 3d 1375 (1969); State of Missouri ex rel. Hall & Riley Quarries, etc. v. Cook, 400 S.W. 2d 39 (1966).

We believe the better rule is to allow such pretrial discovery in those instances where plaintiff has

shown prima facie proof of the right to recover punitive damages. See Gierman v. Toman, 77 N.J. Super. 18, 185 A. 2d 241 (1962). In negligence actions the right to recover punitive damages is contingent upon proof that defendant's actions constitute wanton misconduct or outrageous conduct done with reckless indifference to the interest of others: Hodnik v. Baltimore & Ohio R.R., 54 F.R.D. 184 (W.D.Pa. 1972). Therefore, the rule as applied to negligence cases would deny discovery of a defendant's financial circumstances where plaintiff has failed to allege sufficient facts which would warrant the submission of the question of punitive damages to the jury. This rule protects against the potential abuses present in such discovery situations. Specifically, discovery attempts based upon bare averments in the pleadings would no longer pose a threat to a defendant's privacy interest since such factual allegations concerning a plaintiff's purported entitlement to punitive damages would fall short of the prima facie requirement.

With respect to the instant case it should be noted that plaintiffs made no claim for punitive damages in the original complaint dated October 3, 1973. Rather, such claim did not arise until November 23, 1977, the date plaintiffs were granted leave to amend the complaint due to the discovery of a previously withheld pathology report which indicated that defendant, Dr. Logue, wilfully concealed from plaintiffs the fact that the sterilization procedure was unsuccessful. Thus, the grounds for plaintiffs' claim of punitive damages is reflected in subsection (c) in paragraph no. 11 of the amended complaint which is quoted below as follows: "11 . . . (c) failing, after discovering that the contemplated

surgery was not performed, to advise plaintiffs of that fact and knowingly permitting plaintiffs to engage in sexual activity under the misapprehension that Nannie King was sterile and could not become pregnant."

In view of the above factual pleadings and accompanying memoranda, we hold that plaintiffs have shown that if the above allegation is true the question of defendant's misconduct and reckless indifference would warrant the submission of the punitive damage question to the jury. Therefore, we find that defendant's financial circumstances should be disclosed in order to aid in the preparation and proving of the punitive damage aspect of the case.

However, with respect to the scope of plaintiffs' amended supplemental interrogatories, we believe that an appropriate balance must be struck between plaintiffs' need for discovery and defendant's right to be free from unnecessary privacy intrusions. See Gierman v. Toman, supra.

Accordingly, our order will compel disclosure of information which is essential to the obtaining of an accurate representation of defendant's net worth.

## ORDER

And now, November 28, 1978, plaintiffs' motion for reconsideration is granted, our order of March 13, 1978, is hereby rescinded and the following order entered in its place in accordance with the accompanying memorandum opinion:

Plaintiffs' motion to compel answers to supplemental interrogatories as to the financial worth of

defendant, James Gibson Logue, Jr., M.D., is granted in part and said defendant shall file answers to the following supplemental interrogatories within 30 days of the date of this order, or appropriate sanctions will be imposed upon application to the court:

Supplemental interrogatories nos. 10, 11 as to net earnings only, 14, 16, 20 as to securities owned by defendant alone, and 24.

Plaintiffs' motion is denied as to supplemental interrogatories nos. 13, 15 and 22 and same need not be answered.