**Supreme Court**

No. 2013-92-M.P.
(KC 09-221)

Thomas J. Sherman                    :

          v.                         :

Yul D. Ejnes et al.                  :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Thomas J. Sherman          :

v.                         :

Yul D. Ejnes et al.        :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  This case came before the Supreme Court pursuant to a writ of certiorari filed by the plaintiff, Thomas J. Sherman, seeking review of a Superior Court order that severed his claim for exemplary damages[1] and stayed discovery on that issue pending a determination on liability.  On March 3, 2015, the parties appeared for oral argument pursuant to an order directing them to show cause why the issues in this petition should not be summarily decided.  After hearing the arguments of the parties and examining the memoranda that they submitted, we are of the opinion that cause has not been shown, and we proceed to decide the petition at this time without further briefing or argument.  For the reasons set forth in this opinion, the petition for certiorari is granted and the order of the Superior Court is quashed.

---

[1] The term exemplary damages is synonymous with punitive damages.  Black's Law Dictionary 472, 474 (10th ed. 2014).

# I

## Facts and Travel

On February 19, 2009, plaintiff initiated a civil action against Yul D. Ejnes, M.D. (Dr. Ejnes) and his employer, Coastal Medical, Inc. (Coastal),[2] in Kent County Superior Court, alleging that defendants:

> "willfully, knowingly, intentionally, recklessly, and negligently failed to protect the confidentiality of Plaintiff's HIV test results in violation of Title 23 Chapter 6 of the Rhode Island General Laws, Title 5 Chapter 37.3 of the Rhode Island General Laws and the Rules and Regulations Pertaining to HIV Counseling, Testing, Reporting and Confidentiality of Rhode Island Department of Health."

The plaintiff asserts that defendants' actions have caused him substantial harm, including the destruction of his marriage and extreme mental anguish. As a result, plaintiff seeks to recover compensatory damages as well as exemplary damages pursuant to G.L. 1956 § 5-37.3-9.[3]

In furtherance of his claim for exemplary damages, plaintiff requested, via written interrogatories and requests for production of documents, that Dr. Ejnes disclose personal financial information. Doctor Ejnes objected to plaintiff's requests, arguing that his personal finances were not relevant and that the requests were premature. Eventually, plaintiff filed a motion to compel the production. In response, Dr. Ejnes filed a motion to strike plaintiff's claim for exemplary damages, relying upon the procedure set forth in Palmisano v. Toth, 624 A.2d 314, 320-21 (R.I. 1993). Significantly, Dr. Ejnes requested that the Superior Court schedule a Palmisano hearing to determine the viability of plaintiff's claim for exemplary damages.

---

[2] The defendant Coastal Medical, Inc. has filed a Rule 12A statement taking no position with respect to the issues raised by plaintiff, Thomas J. Sherman, on certiorari. See Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure.

[3] General Laws 1956 § 5-37.3-9(a) provides in pertinent part that "[a]ny one who violates the provisions of [chapter 37.3 of title 5] may be held liable for actual and exemplary damages."

On February 11, 2013, the motion to strike was heard by a justice of the Superior Court. At the outset of the hearing, the parties informed the hearing justice that they were in agreement that, as a result of Dr. Ejnes's motion to strike the claim for exemplary damages, a Palmisano hearing would be required. Indeed, the parties requested that the court schedule an evidentiary hearing. Notwithstanding the parties' request, the hearing justice declined to schedule a hearing. Instead, the hearing justice declared that "it's usually my practice that you don't get a [Palmisano] hearing until you prove liability * * * on the original complaint or cause of action." Accordingly, the hearing justice granted the motion to strike and severed plaintiff's claim for exemplary damages. In addition, the hearing justice stayed all discovery relating to plaintiff's claim for exemplary damages until a determination on liability had been made.

On March 7, 2013, an order entered memorializing the hearing justice's decision. On March 27, 2013, plaintiff filed a petition for a writ of certiorari to this Court, and we directed the parties to address whether, in this case, the order of the Superior Court should be summarily quashed as a result of the hearing justice's failure to comply with the procedures set forth in Palmisano. On December 18, 2013, we granted the petition for a writ of certiorari.

Before this Court, plaintiff argues that the hearing justice erred when he failed to conduct an evidentiary hearing when confronted with the motion to strike the claim for exemplary damages in accordance with the procedures set forth in Palmisano. The plaintiff asks this Court to quash the order of the Superior Court and remand the case with specific instructions that such a hearing be conducted. Conversely, and in an apparent reversal of the position he maintained before the trial court, Dr. Ejnes argues that our holding in Mark v. Congregation Mishkon Tefiloh, 745 A.2d 777 (R.I. 2000), affords a hearing justice "a great deal of discretion" to determine whether an evidentiary hearing is required when ruling on a motion to strike a claim

- 3 -

for exemplary damages. Doctor Ejnes maintains that the trial justice properly exercised his discretion when he deemed that an evidentiary hearing was unnecessary. Further, Dr. Ejnes asserts that plaintiff has not been divested of an opportunity to pursue his claim for exemplary damages; rather, he maintains that plaintiff will have the opportunity to do so if he is able to prove liability on the underlying cause of action.

**II**

**Standard of Review**

"Our review of a case on certiorari is limited to an examination of 'the record to determine if an error of law has been committed.'" State v. Poulin, 66 A.3d 419, 423 (R.I. 2013) (quoting State v. Greenberg, 951 A.2d 481, 489 (R.I. 2008)). "Questions of law * * * are not binding upon the [C]ourt and may be reviewed to determine what the law is and its applicability to the facts." Huntley v. State, 63 A.3d 526, 530-31 (R.I. 2013) (quoting State v. Shepard, 33 A.3d 158, 163 (R.I. 2011)). This Court will reverse the lower court decision only when it "find[s] pursuant to the petition that the [hearing justice] committed an error of law." Id. at 531 (quoting Shepard, 33 A.3d at 163).

**III**

**Discussion**

**A. State of the Law**

In Palmisano, 624 A.2d at 316, the plaintiff in a premises liability action sought discovery about the defendant's personal finances with regard to her claim for punitive damages. The defendants refused to comply with the plaintiff's requests. Id. at 316-17. As a result, the plaintiff filed motions to compel that were granted by a justice of the Superior Court. Id. at 317. Thereafter, the defendants filed a petition for writ of certiorari with this Court. Id.

On review, the Supreme Court explained that a discovery request seeking information about a defendant's personal finances "invades the traditionally private domain of one's personal finances and oftentimes inconveniently seeks disclosure of unnecessary specific details." Palmisano, 624 A.2d at 319 (citing Gierman v. Toman, 185 A.2d 241, 244 (N.J. Super. Ct. 1962)). However, at the same time, this Court also recognized the importance that evidence of a defendant's personal finances has "in assessing an amount of punitive damages that would adequately serve as a punishment." Id. (citing Vollert v. Summa Corp., 389 F.Supp. 1348, 1351-52 (D. Haw. 1975)). To resolve this conundrum, this Court set forth a procedure that would be applied before a plaintiff may delve into a defendant's personal financial information. Id. at 320-21. In doing so, we expressly rejected the adoption of the same bifurcated approach that was employed by the hearing justice in this case. Id. at 319.

We explained that "[i]f a defendant believes that a punitive-damage claim cannot be supported factually and legally, the defendant may move to strike the claim for punitive damages," at which point a hearing justice should conduct an "evidentiary hearing" to test the propriety of a claim for punitive damages. Palmisano, 624 A.2d at 320. At the hearing, "[t]he plaintiff may present evidence in opposition to the motion sufficient to constitute a prima facia [sic] showing of his or her eligibility for punitive damages * * * ." Id. The defendant may also introduce evidence and cross-examine witnesses in an effort to nullify the showing made by the plaintiff. Id. "At the conclusion of said hearing, the justice will determine * * * whether the evidence presented as a matter of law and fact warrants submission to a trier of fact (either judge or jury) of the punitive-damage issue." Id. at 320-21. If the hearing justice determines that the plaintiff has failed to make a prima facie showing, he may strike the claim for punitive damages and deny discovery on that issue. Id. at 321. Alternatively, if the hearing justice finds that the

plaintiff has made an "adequate [showing] as a matter of law to justify the submission of the issue of punitive damages to the trier of fact, he or she will deny the motion to strike" and allow discovery on that issue to proceed. Id.

Several years later, this Court revisited the procedure that it had prescribed in Palmisano. In Mark, 745 A.2d at 778-79, the plaintiffs filed suit to recover punitive damages in connection with a claim of breach of contract. Despite the fact that the plaintiffs did not seek discovery with respect to the defendant's finances, a motion to strike the claim for punitive damages was filed by the defendant. Id. at 779. The hearing justice denied the motion to strike after determining that an evidentiary hearing was unnecessary because the plaintiff had never sought discovery about the defendant's finances. Id.

On review, this Court explained that it "never intended the remedy enunciated in Palmisano to become a hurdle that must be overcome by every plaintiff who asserts a claim for punitive damages." Mark, 745 A.2d at 781. We held that an evidentiary hearing would not be necessary in every case because "there may be factual situations demonstrated by affidavits submitted by the plaintiff that clearly demonstrate the viability of a punitive damage claim, thus obviating the need for a time-consuming evidentiary hearing." Id. at 780. Therefore, this Court declared that "the procedure set forth in Palmisano that requires a plaintiff to make a prima facie showing of entitlement to punitive damages is applicable only when a plaintiff has made a demand for discovery of a defendant's financial condition." Id. at 781.

**B. Analysis**

After a careful review of the record in this case, it is pellucid that it is on all fours with Palmisano and that the trial justice was obligated to conduct an evidentiary hearing. This is so because, during the course of pretrial discovery, the plaintiff sought the disclosure of information

related to the personal finances of Dr. Ejnes. Doctor Ejnes objected to the requests and eventually filed a motion to strike the plaintiff's claim for exemplary damages. Because he did so, in accordance with our holding in <u>Palmisano</u>, the hearing justice should have conducted an evidentiary hearing, at which the parties would be afforded the opportunity to present evidence, examine witnesses, and to otherwise determine the viability of the plaintiff's claim for exemplary damages.

## IV

## Conclusion

For the reasons set forth herein, the petition for certiorari is granted and the order of the Superior Court is quashed. The papers in this case are remanded to the Superior Court with our decision endorsed thereon.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Thomas J. Sherman v. Yul D. Ejnes et al.

**CASE NO:**     No. 2013-92-M.P.
                 (KC 09-221)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     April 1, 2015

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**     Kent County Superior Court

**JUDGE FROM LOWER COURT**:

              Associate Justice Stephen P. Nugent

**ATTORNEYS ON APPEAL:**

              For Plaintiff:  Donald M. Gregory, Esq.

              For Defendants:  Elizabeth A. Suever, Esq.