[Cite as *Bonesteel v. Nash*, 2016-Ohio-3114.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PAMELA BONESTEEL, et al. | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiffs-Appellants | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 15 CA 00019 |
| EUGENE NASH | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil Appeal from the County Court, Small
                            Claims Division, Case No.  CVI 1500088

JUDGMENT:                   Affirmed in Part; Reversed in Part and
                            Remanded

DATE OF JUDGMENT ENTRY:     May 23, 2016

APPEARANCES:

For Plaintiffs-Appellants              For Defendant-Appellee

PAMELA BONESTEEL, PRO SE               EUGENE NASH
CHRIS BONESTEEL, PRO SE                PRO SE
523 South Main Street                  7595 State Rt. 37 East
New Lexington, Ohio  43764             New Lexington, Ohio  43764

*Wise, J.*

{¶1}   Appellants Pamela Bonesteel and Chris Bonesteel appeal from the decision of the Perry County Court, Small Claims Division, which awarded judgment of $600.00 in their favor in a dispute over a rental deposit against Appellee Eugene Nash. The relevant facts leading to this appeal are as follows.

{¶2}   Appellants rented a house from Appellee Nash on Lincoln Street in New Lexington, Ohio, for a period of approximately three years, from 2011 to 2014. After appellants moved from the residence in question, they requested a return of any and all security deposit amounts. Appellee failed to return any deposit funds.

{¶3}   On or about February 17, 2015, appellants filed an action in the Perry County Court, Small Claims Division. The matter proceeded to a hearing before said court on September 28, 2015. Appellants and appellee all appeared. Appellants requested double damages and three years of interest on their claim against appellee for failure to return the security deposit.

{¶4}   After hearing the evidence and arguments, the trial court issued a judgment entry on November 2, 2015. The court first found appellants had lived in the rental unit for approximately three years, moving from the residence between October 4 and 5, 2014. The trial court further found that notice of termination of the lease was provided to the landlord by letter dated September 27, 2014, but that said letter wasn't placed in the landlord's renter box until October 3, 2014.

{¶5}   The court thereupon determined that because appellee had not properly notified appellant of the reason the deposit was being held, appellants were entitled to the return of their deposit (the equivalent of one month's rent). However, the trial court

ruled that appellants were not entitled to double damages or any interest. Appellants were thus awarded judgment in the amount of $600.00, plus court costs.

{¶6} Appellants filed a notice of appeal on November 27, 2015. They herein raise the following two Assignments of Error:

{¶7} "I. ERROR IN THE JUDGMENT OF TRIAL JUDGE IN HIS FAILURE TO AWARD DOUBLE DAMAGES FOR THE FULL SECURITY DEPOSIT. PLAINTIFFS SHOULD HAVE BEEN AWARDED THE FULL $1200 AS REQUIRED BY OHIO REVISED CODE.

{¶8} "II. ERROR IN TRIAL JUDGE'S DISMISSAL OF REQUEST FOR INTEREST ON THE SECURITY DEPOSIT PAID BY THE PLAINTIFFS. INTEREST SHOULD HAVE BEEN GRANTED ON THE FULL $600 AT A RATE OF 5% PER YEAR FOR THE FULL THREE YEARS TENANTS LIVED IN THE RENTAL HOME."

I.

{¶9} In their First Assignment of Error, appellants contend the trial court erred in not awarding them double damages as to their security deposit (*i.e.* $600.00 x 2, or $1,200.00). We agree.

{¶10} R.C. 5321.16(B) and (C), addressing procedures for security deposits, state in pertinent part as follows:

{¶11} "(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by

the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. \*\*\*.

{¶12} "(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

{¶13} In the case *sub judice*, the trial court rationalized its decision to limit the award to appellants to $600.00 as follows:

{¶14} "[R.C.] §5321.16(A) requires interest only if deposit exceeds the monthly rental by fifty dollars or more, THEREFORE, demand for interest is not granted. *Due to this being a Small Claim, the Court has no power to order damages in excess of the deposit.*"

{¶15} Judgment Entry, November 2, 2015, at 1-2, emphasis added.

{¶16} We thus surmise the trial court's conclusion that it lacked power to award double damages in a small claims action was based on its reading of R.C. 1925.02(A)(2)(a)(iii), which states: "A small claims division does not have jurisdiction in \*\*\* [a]ctions for the recovery of punitive or exemplary damages."

{¶17} However, the Ohio Supreme Court held as follows in *Klemas v. Flynn*, 66 Ohio St.3d 249, 611 N.E.2d 810, 1993-Ohio-45 (1993): "Damages recoverable pursuant to R.C. 5321.16(C) are not 'punitive damages' under former R.C. 1925.02(A)(2)(c) and are not excluded from the jurisdiction of small claims divisions of municipal and county courts." *Id.*, at the syllabus.

{¶18} We recognize that *Klemas* addressed former R.C. 1925.02(A)(2)(c), which provided: "A small claims division does not have jurisdiction in \*\*\* [a]ctions for the

recovery of punitive damages." Modern R.C. 1925.02(A)(2)(a)(iii) is identical to the former subsection except for the disjunctive addition of the term "exemplary." Nonetheless, the term "exemplary damages" is recognized as being synonymous with "punitive damages." *See*, *e.g.*, *Sherman v. Ejnes*, 111 A.3d 371, 372, f.n. 1 (R.I. 2015), citing Black's Law Dictionary 472, 474 (10th ed. 2014). As such, we find the syllabus rule of *Klemas* remains good law for purposes of modern R.C. 1925.02(A)(2)(a)(iii).

**{¶19}** Accordingly, we hold the trial court erred as a matter of law in finding it lacked jurisdiction to award double damages. Furthermore, we note appellee has not filed a brief in response to this appeal. App.R. 18(C) states in pertinent part: "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

**{¶20}** Appellants' First Assignment of Error is therefore sustained.

II.

**{¶21}** In their Second Assignment of Error, appellants contend the trial court erred in denying their claim for three years of five percent interest. We disagree.

**{¶22}** R.C. 5321.16(A), addressing interest on security deposits, states as follows: "Any security deposit *in excess of fifty dollars or one month's periodic rent, whichever is greater*, shall bear interest on the excess at the rate of five per cent per annum if the tenant remains in possession of the premises for six months or more, and shall be computed and paid annually by the landlord to the tenant."

**{¶23}** As cogently noted by the Eleventh District Court of Appeals: "A careful reading of R.C. 5321.16(A) reveals that interest will only be payable on any sum of money which is either in excess of $50 or in excess of one month's periodic rent, whichever is greater." *Yancy v. Haehn*, 11th Dist. Geauga No. 99-G-2210, 2000 WL 263757, (Mar. 3, 2000). As an appellate court, we may sustain an assignment of error where we conclude a trial court may have misinterpreted a statute. *See State v. Real Property Located at 345 N. Liberty Ave.*, 5th Dist. Stark No. 2006CA00281, 2007-Ohio-2485, ¶ 36.

**{¶24}** In the case *sub judice*, the trial court rationalized its decision to deny interest on the following basis:

**{¶25}** "[R.C.] §5321.16(A) requires interest *only if deposit exceeds the monthly rental by fifty dollars or more*, THEREFORE, demand for interest is not granted. ***." Judgment Entry, November 2, 2015, at 1-2, emphasis added.

**{¶26}** It therefore indeed appears the trial court, by finding that the security deposit must exceed the monthly rental by $50.00, added a prerequisite for interest recovery not written in the statute by the General Assembly. However, in this instance, our review of the lease agreement in the record indicates the security deposit of $600.00 simply was not in excess of the monthly rent of $600.00, meaning appellee-landlord was not subject to the interest requirement imposed by R.C. 5321.16(A). *Cf. Hart v. Pervan*, 8th Dist. Cuyahoga No. 79915, 2002-Ohio-6219, ¶¶12-13.[1]

**{¶27}** Accordingly, we hold the trial court did not commit reversible error in denying appellants their request for statutory interest. Appellants' Second Assignment of

---

[1] Further review of this issue is limited by the lack of a transcript of the September 28, 2015 hearing. *See Cervellino v. Tingler,* 9th Dist. Summit No. 20944, 2002-Ohio-3036. ¶ 21.

Error is therefore overruled.

{¶28} For the foregoing reasons, the judgment of the Perry County Court, Small Claims Division, Perry County, Ohio, is hereby affirmed in part, reversed in part, and remanded with directions to enter an additional $600.00 as judgment in favor of appellants.

By: Wise, J.

Farmer, P. J., and

Gwin, J., concur.

JWW/d 0510