195 So.2d 260 (1967)
Robert S. LEWIS, Petitioner,
v.
Robert L. MOODY and National Airlines, Inc., a Florida Corporation, Respondents.
No. 66-842.
District Court of Appeal of Florida. Third District.
February 21, 1967.
Theodore J. Sakowitz, Miami, for petitioner.
Street & Greenfield, Miami Beach, for respondents.
Before PEARSON, CARROLL and SWANN, JJ.
CARROLL, Judge.
The petitioner Robert S. Lewis filed an action at law against the respondent Robert L. Moody in the circuit court in Dade County, seeking compensatory and punitive damages for an assault which was alleged and described in the complaint as follows:
"1. On April 11, 1966, at or about 4:45 o'clock, P.M., in the terminal building at the Miami International Airport, in Dade County, Florida, the Defendant, Robert L. Moody, willfully, maliciously and wrongfully assaulted, attacked, struck and beat the Plaintiff with his hands."
Proceeding for discovery under rule 1.27 Florida Rules of Civil Procedure, 30 F.S.A., the plaintiff propounded certain interrogatories to the defendant, viz.:
"1. Please state your net worth as of this date.
"2. Please state your total income from all sources during the following periods of time:
(a) The calendar year 1964.
(b) The calendar year 1965.
(c) January 1, 1966, through June 30, 1966.
"3. Please state your net income for the periods mentioned in the preceding interrogatory."
To those interrogatories, bearing on the claim for punitive damages, the defendant objected on the ground that his answers thereto "would be immaterial and irrelevant to the litigation." The trial court sustained the objection. Thereupon the plaintiff filed this petition for certiorari against the defendant Robert L. Moody to review that order.[1]
*261 The question presented is stated by the petitioner as follows:
"In an action against a sole defendant for punitive damages for his assault and battery upon the plaintiff, is the financial status of the defendant relevant and subject to discovery by written interrogatories before trial?"
Rule 1.27 F.R.C.P. provides: "Any party may serve upon any other party written interrogatories to be answered by the party served," and further provides: "Interrogatories may relate to any matters which can be inquired into under Rule 1.21(b) and the answers may be used to the same extent as provided in Rule 1.21(d) for the use of the deposition of a party." Rule 1.21(b) authorizes pretrial discovery by deposition upon oral examination or upon interrogatories "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," and further provides that "it is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."
The defendant-respondent does not object to the interrogatories on the basis that they go further than is necessary to show generally his financial worth, or that they seek unwarranted financial details and tend to embarrass and harass him. Respondent's contention is that no pretrial discovery as to financial worth should be permitted because such evidence will not be relevant and admissible unless and until, during the trial, the plaintiff first presents evidence which the trial judge determines is sufficient to support an award of punitive damages. In answer to that contention the petitioner argues that since evidence relating to a defendant's financial worth is largely within the knowledge of the latter, the plaintiff should be allowed pretrial discovery in order to learn whether he can rely on testimony of the defendant to establish his financial worth, or may need to resort to other sources of proof thereof at trial.
In our opinion the respondent's objection to the pretrial discovery regarding his financial worth is not well founded. When a complaint contains allegations which if supported by evidence would justify allowance of punitive damages, pretrial discovery as to the financial worth of the defendant is proper under rules 1.21(b) and 1.27 F.R.C.P. because it is "relevant to the subject matter involved" and the evidence procured thereby may become admissible at trial.
For the reasons stated the order sustaining the defendant's objection to the plaintiff's interrogatories is quashed.
It is so ordered.
NOTES
[1] National Airlines, Inc. appears as one of the respondents here because it was joined as a cross defendant to a cross claim filed by the defendant in the trial court.