Homer L. BRYAN and Judith Bryan, husband and wife, Plaintiffs,

v.

THOS. BEST & SONS, INC., a Delaware corporation, and Sperry Corporation, a Delaware corporation, t/a Sperry New Holland, Defendants.

Superior Court of Delaware, Sussex County.

Submitted June 7, 1982.

Decided July 20, 1982.

Richard F. Stokes of Tunnell & Raysor, Georgetown, for plaintiffs.

Richard W. Pell, of Tybout, Redfearn, Casarino & Pell, Wilmington, for defendant Sperry, Inc.

OPINION

TEASE, Judge.

In this personal injury action based upon the alleged manufacturing defects in an automatic bale wagon, Bryan demands that the defendant Sperry Corporation, T/A Sperry New Holland (Sperry) disclose its net worth, 1981 earnings, and its 1981 tax returns, in aid of Bryan's claim for punitive damages. Sperry seeks a protective order, arguing that plaintiffs must first make a prima facie showing of their right to punitive damages.

Plaintiffs have alleged that Sperry negligently designed and manufactured the bale wagon at issue, and that it breached both express and implied warranties. Additionally, plaintiffs contend that Sperry is "guilty of a reckless indifference to and/or a wanton disregard of plaintiffs' rights ...". On the latter count plaintiffs seek punitive damages.[1]

■ In Delaware, punitive damages are awarded only if there is an element of ill will, malice or intention to cause injury to

---

**1.** While I agree with defendant's statement that the Complaint as a whole "is basically an action arising out of a contract of sale," nevertheless that does not preclude an award of punitive damages as a matter of law. As the Federal District Court has stated in reviewing this area of the law:

It is the general rule in Delaware, as elsewhere, that exemplary damages usually cannot be obtained for breach of contract. (citations omitted). However, this is only the general rule and there are exceptions. Thus, several opinions have implicitly recognized that punitive damages may be awarded in cases where the breach of contract is very similar to a tort. (citations omitted). *Oliver B. Cannon & Son, Inc. v. Fidelity & Casualty Co.*, D.Del., 484 F.Supp. 1375, 87 (1980). While this may be a proper case for an award of punitive damages, it is incumbent upon plaintiffs to show the type of behavior that would warrant such an award.

the plaintiff. *Reynolds v. Willis,* Del.Super., 209 A.2d 760 (1965); *McClain v. Farone,* Del.Super., 369 A.2d 1090 (1977); *Nash v. Hoopes,* Del.Super., 332 A.2d 411 (1975); *Guthridge v. Pen-Mod, Inc.,* Del.Super., 239 A.2d 709 (1967); *White v. Metropolitan Merchandise Mart,* Del.Super., 107 A.2d 892 (1954). Such damages are awarded not as recompense to an injured plaintiff, but as punishment to the tortfeasor when his wrongful act was committed wilfully or wantonly. *Reynolds,* 209 A.2d at 763. *Riegel v. Aastad,* Del.Super., 272 A.2d 715 (1970). Therefore, evidence concerning the financial condition of a defendant is necessary in an appropriate case so that a jury might arrive at an award that will properly punish the defendant. See, *Gierman v. Toman,* N.J.Super., 77 N.J.Super. 18, 185 A.2d 241, 245 (1962).

Therefore, the issue before the Court is whether plaintiffs by asserting a cause of action for punitive damages in their complaint, may compel Sperry to answer interrogatories as to its financial condition prior to a determination by the Court or jury that punitive damages are authorized under the facts of this case.

Superior Court Civil Rule 26(b)(1)[2] provides a broad right of discovery. Clearly, a defendant's wealth in an action for punitive damages, necessary in order that the jury might make a proper award, meets the test of relevancy set forth in Rule 26(b)(1) and, therefore, is properly discoverable. This same conclusion has been reached by the Superior Court in *Lock v. Schlepper,* Del. Super., C.A. No. 79–MY113 (unreported decision by President Judge Stiftel, July 7, 1980), where it was stated that the financial condition of the defendant in that tort action was "relevant [on the issue of punitive damages] and that its disclosure would aid in the preparation or trial of plaintiff's case or both." The decision in *Lock* is in accord with the majority of other jurisdictions that

have considered this issue. *See generally* cases cited in Annot., 27 *A.L.R.3d* 1375, § 4 (1969).

▉ In cases involving the requested disclosure of a defendant's financial condition, however, consideration must be given to the defendant's right to privacy and his right to protection from harassment, as well as to plaintiff's need for discovery. Under all of the circumstances of the present case, I find that plaintiffs' naked allegation that they are entitled to punitive damages is insufficient to warrant discovery of defendant's financial condition at this time. Until plaintiffs lay a factual foundation establishing that it is reasonably likely that a triable issue as to defendant's liability for punitive damages exists, they may not discover the requested financial information. *Leidholt v. District Court,* Colo.Super., 619 P.2d 768 (1980); *Breault v. Friedli,* Tenn.Ct.App., 610 S.W.2d 134 (1980); *Cobb v. Superior Court,* Cal.Ct.App., 99 Cal.App.3d 543, 160 Cal. Rptr. 561 (1979); *Stern v. Abramson,* N.J. Super., 150 N.J.Super. 571, 376 A.2d 221 (1977); *Gierman v. Toman,* N.J.Super., 77 N.J.Super. 18, 185 A.2d 241 (1962).

In *Cobb, supra,* the Court proposed that plaintiff first take discovery on the underlying merits of the case. It stated that if, following such discovery, a factual basis for punitive damages existed, then plaintiff would be permitted to discover defendants' financial condition. The Court pointed out that the plaintiff need not prove the case for punitive damages during discovery but need only show that some factual basis for the punitive damages existed.

The procedure established by the Court in *Cobb* is sound and workable, and is adopted in the present case.

Therefore, it is the order of the Court that defendant's motion for a protective order is granted until such time as plaintiffs', through further discovery, can show

---

**2.** Civil Rule 26(b)(1) provides in part:
   Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of any other part ... It is not

ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

to the Court's satisfaction that there is some factual basis for their claim of punitive damages. This ruling does not conflict with the holding in *Lock, supra,* and is in accordance with Superior Court Civil Rule 26(d), which permits the Court to specify the sequence and timing of discovery for the convenience of the parties and witnesses and in the interests of justice.

Finally, I hasten to add, as did the Court in *Cobb,* that this decision should not be read as requiring that a prima facie showing as to the right to punitive damages be made in every case in which such damages are sought. But this procedure is available to the Court and the parties where it is appropriate for use in a particular case.