691 P.2d 735

Leonilo **LARRIVA**, IV and Jane Doe
Larriva, husband and wife,
Petitioners,

v.

The Honorable Roberto C. **MONTIEL**,
in and for the County of Santa
Cruz, Respondents,

and

Reyes Marquez and Clara Marquez, husband and wife, Real Parties
in Interest.

No. 2 CA–SA 0112.

Court of Appeals of Arizona,
Division 2.

Oct. 30, 1984.

Kimble, Gothreau, Nelson & Cannon, P.C. by Stephen Kimble, Tucson, for petitioners.

Muriel J. Smith, Nogales, for respondents.

## OPINION

HOWARD, Judge.

Petitioners seek relief from the trial court's denial of a motion for protective order under Rule 26(c), Arizona Rules of Civil Procedure, 16 A.R.S., which sought to limit the real parties in interest's discovery of petitioners' financial worth in anticipation of a punitive damage award. Because the petitioners are without an adequate remedy by means of appeal, and because we believe the trial court abused its discretion in denying the motion for the protective order, we assume jurisdiction and grant relief.

It is settled in Arizona that the wealth of a defendant is relevant and subject to discovery in a proper punitive damages case. *Thoresen v. Superior Court in and for Maricopa County,* 11 Ariz.App. 62, 461 P.2d 706 (1969). The question here is whether this is a proper punitive damages case. Three days after noticing petitioner Mr. Larriva's deposition, the real parties in interest filed a request for production of tax returns, deeds to real prop-

erty, bank account statements, stock certificates, certificates of deposit and titles to automobiles, of both of the individual petitioners and of their corporation. In addition, the request sought discovery of all gross receipts of the corporation. At the time the request was filed, no deposition had yet been taken and no interrogatories had been propounded.

We have found the general rule to be that there must be prima facie proof of a defendant's liability for punitive damages before his wealth or financial condition may be discovered. *Leidholt v. District Court,* 619 P.2d 768 (Colo.1980); *Bryan v. Thos. Best & Sons, Inc.,* 453 A.2d 107 (Del.1982); *Gierman v. Toman,* 77 N.J.Super 18, 185 A.2d 241 (1962); *Stern v. Abramson,* 150 N.J.Super. 571, 376 A.2d 221 (1977); see Annot., 32 A.L.R.4th 432 (1984). In *Leidholt,* a medical malpractice action against a surgeon, the court found that prima facie proof of a triable issue on liability for punitive damages would be necessary to allow the plaintiff to discover financial information relating to the defendant. The court held:

"Procedurally the question is in what manner and at what stage of the proceedings should evidence of a defendant's financial worth be discoverable? We hold that *prima facie* proof of a triable issue on liability for punitive damages is necessary to discover information relating to the defendant's financial status. [footnote omitted] The trial judge should grant the plaintiff some leeway in establishing his *prima facie* case. The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof. This procedure protects the defendant from an unwarranted invasion of privacy and harassment where the plaintiff has merely asserted a claim for punitive damages. It also comports with the broad right of discovery granted by C.R.C.P. 26(b)(1), and adequately promotes the goals of deterrence and punishment that an award of punitive damages seeks to accomplish. *Cobb v. Superior Court, supra* [99 Cal.App.3d 543, 160 Cal.Rptr. 561 (1980)]; *Gierman v.*

*Toman,* 77 N.J.Super. 18, 185 A.2d 241 (1962). *See also, Stern v. Abramson,* 150 N.J.Super. 571, 376 A.2d 221 (1977); *Belinski v. Goodman,* 139 N.J.Super. 351, 354 A.2d 92 (1976). ... Generally, the burden is cast upon the party who seeks a protective order to show annoyance, embarrassment, or oppression. However, we hold that the nature of discovery of financial information of a litigant requires a broader basis for protection. Thus, when punitive damages are in issue and information is sought by the plaintiff relating to the defendant's financial condition, justice requires no less than the imposition on the plaintiff of the burden of establishing a *prima facie* right to punitive damages." 619 P.2d at 770–771.

Pertinent language is also found in *Bryan,* a personal injury action based upon an alleged manufacturing defect. The plaintiff demanded disclosure of the manufacturing corporation's net worth, earnings and tax returns in support of his claim for punitive damages. The Delaware court held:

"Superior Court Civil Rule, 26(b)(1) [footnote omitted] provides a broad right of discovery. Clearly, a defendants' [sic] wealth in an action for punitive damages, necessary in order that the jury might make a proper award, meets the test of relevancy set forth in Rule 26(b)(1) and, therefore, is properly discoverable. ... In cases involving the requested disclosure of a defendant's financial condition, however, consideration must be given to the defendant's right to privacy and his right to protection from harassment, as well as to plaintiff's need for discovery. Under all of the circumstances of the present case, I find the plaintiffs' naked allegation that they are entitled to punitive damages is insufficient to warrant discovery of defendant's financial condition at this time. Until plaintiffs lay a factual foundation establishing that it is reasonably likely that a triable issue as to defendant's liability for punitive damages exists, they may not discover the requested financial information. *Leidholt v. District Court,* Colo.Super., 619 P.2d 768 (1980); ..." 453 A.2d at 107–108.

And, in *Breault v. Friedli,* 610 S.W.2d 134 (Tenn.App.1980), the Tennessee Court of Appeals held:

"It is difficult to justify compelled disclosure of personal finances when the allegations of conduct supporting punitive damages have no basis in fact. We are aware that in some cases, a plaintiff, a competitor for instance, might be tempted to include in a lawsuit a frivolous allegation of conduct supporting punitive damages with the ulterior purpose of compelled disclosure of a defendant's finances. ... In *Cobb,* the court discussed but rejected the trial procedure of *Rupert v. Sellers,* [48 App.Div.2d 265, 368 N.Y.Supp.2d 904 (1975)]. Instead, it proposed that a plaintiff first take discovery on the underlying merits of the case. If it appears from the discovery on the merits that a factual basis for punitive damages exists, then the plaintiff is permitted to discover the defendant's financial condition." 610 S.W.2d at 139.

In the *Cobb* case cited by the Tennessee court in *Breault* above, the California Court of Appeals also discounted the split-trial procedure of *Rupert,* adopted by some states, which allows discovery of a defendant's financial condition only after a preliminary liability verdict has been returned. Instead, the *Cobb* court accepted the holding in *Gierman v. Toman,* supra, holding that a prima facie showing has to be made of the right to recover punitive damages before a general disclosure of a defendant's wealth can be compelled. *Cobb v. Superior Court,* 99 Cal.App.3d 543, 160 Cal.Rptr. 561 (1980).

 We think the reasoning of these cases is particularly applicable here. Petitioners were faced with an 11–count verified complaint which included claims for trespass, conversion of the real parties in interest's household belongings, wrongful detention of respondents' property, a battery to respondent Reyes Marquez, fraud, intentional or emotional disturbance, and interference with respondents' right of access to their residence. All the counts allege that the petitioners' actions were done

intentionally or in "reckless or intentional, blatant, wanton or willful disregard" of the respondents' rights. The entire complaint contains nothing more than conclusory assertions which would, if supported by factual allegations, support a claim for punitive damages. However, such conclusory statements do not amount to evidence supporting a prima facie case. We agree with the Delaware court in *Bryan* which held that "naked allegations" that a plaintiff is entitled to punitive damages are insufficient to warrant discovery of a defendant's financial condition.

■ We are aware of cases to the contrary. In *Lewis v. Moody*, 195 So.2d 260 (Fla.App.1967), the court was faced with a complaint for assault and battery which made the bald assertions that the actions were done willfully and maliciously. The court found: "When a complaint contains allegations which if supported by evidence would justify allowance of punitive damages, pretrial discovery as to the financial worth of the defendant is proper ...." 195 So.2d at 261. Additionally, the case of *Hughes v. Groves*, 47 F.R.D. 52 (Dist.Ct. Mo.1969) is also diametrically opposed to our resolution of this case. There, in an action for negligence where the plaintiff complained that the defendant negligently caused injury to the plaintiff by driving while intoxicated and the plaintiff prayed for actual and punitive damages, the court stated:

"Defendant objects that the question [an interrogatory seeking all his financial records] is premature. He asserts that 'more than a simple allegation and claim for punitive damages should be necessary to allow plaintiffs to discover information about defendant's finances and "how much he is to be punished." ' The law, however, is well settled and contrary to that position. Information regarding damages is as discoverable as is that which pertains to liability. 4 Moore's Federal Practice ¶ 26.18, p. 1229 (1968 ed.); *Sinclair Refining Company*

*v. Jenkins Petroleum Process Company*, 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449. No *prima facie* showing in punitive damages is required to justify discovery." 47 F.R.D. at 55.[1]

We think the better rule is to require a plaintiff to make a prima facie showing that he will be entitled to present the issue of punitive damages to the jury before discovery should be allowed in the financial area. This can be done through discovery, by evidentiary means or through an offer of proof. Otherwise, the possibilities of harassment and misuse of civil process are obvious. The trial court's denial of petitioners' protective order is vacated and the trial court is ordered to grant petitioners' motion for a protective order.

Relief granted.

BIRDSALL, C.J., and HATHAWAY, J., concur.

---

1. But see *Vollert v. Summa Corp.*, 389 F.Supp. 1348 (Dist.Ct.Hawaii 1975) where the court allowed discovery when the plaintiff had shown his claim was not spurious. However, the fed-

eral courts seem not to require a showing of any kind. See *Renshaw v. Ravert*, 82 F.R.D. 361 (Dist.Ct.Pa.1979); *Miller v. Doctor's General Hospital*, 76 F.R.D. 136 (Dist.Ct.Okla.1977).