781 P.2d 628

**Gerad L. BALL, Plaintiff/Appellant,**

v.

**William PRENTICE,
Defendant/Appellee.**

**2 CA-CV 89-0049.**

Court of Appeals of Arizona,
Division 2, Department B.

Sept. 28, 1989.

John D. Kaufman and Kathleen O'Dea, Tucson, for plaintiff/appellant.

Slutes, Sakrison, Even, Grant & Pelander, P.C. by Christopher C. Browning and Claire Kiehl Lefkowitz, Tucson, for defendant/appellee.

## OPINION

LACAGNINA, Judge.

Gerad L. Ball appeals from adverse partial summary judgments on his negligence claim against William Prentice and the Estate of Jane Prentice, deceased. The trial court ruled he had no claim for negligent infliction of emotional distress, and that he either had no claim for punitive damages or he had not made a sufficient showing on the issue of punitive damages to entitle him to pretrial discovery of Prentice's assets.

We reverse the judgments and remand for further proceedings.

## FACTS

While Gerad L. Ball was driving his truck within the speed limit on a preferred highway, he collided with an automobile driven by Jane Prentice. The collision was caused by her failure to yield the right of way at a stop sign. All witnesses agreed that Ball could not have avoided the collision. Jane Prentice died as a result of the collision, and an autopsy report showed that her blood alcohol content was .25, an amount greater than the legal limit permitted in Arizona. Ball received minor physical injuries, mostly bruises. However, he testified at his deposition that he suffered extreme shock from the accident and con-

tinues to suffer loss of sleep, emotional agitation, tension, headaches, fear and anger, feelings of victimization and other physical and emotional abnormalities. Ball has not sought any treatment from third parties to correct his claimed injuries.

## DAMAGES FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

■ Ball alleges in his negligence complaint that as a result of the accident, he suffered property damage and personal injuries and that he continues to suffer from mental anguish that may be permanent. We cannot accept Prentice's argument that because Ball received only minor physical injuries in the collision he cannot as a matter of law recover for any physical harm resulting from the emotional distress. The nature, severity and extent of his injuries and whether they are supported by medical or other expert witnesses is a question for the trier of fact.

■ While there was some uncertainty about the right to recover damages for emotional distress without some physical injury or "impact" before *Keck v. Jackson*, 122 Ariz. 114, 593 P.2d 668 (1979), and *Quinn v. Turner*, 155 Ariz. 225, 745 P.2d 972 (App.1987), there was little doubt that one could recover damages for emotional distress and accompanying physical injury as a result of a· tortfeasor's negligence when one was physically involved in an accident and suffered some impact triggering the emotional responses. As one author has stated:

> "Impact" has meant a slight blow, a trifling burn or electric shock, a trivial jolt or jar, a forcible seating on the floor, dust in the eye, or the inhalation of smoke. The requirement has even been satisfied by a fall brought about by a faint after a collision, or the plaintiff's own wrenching of her shoulder in reaction to the fright. "The magic formula 'impact' is pronounced; the door opens to the full joy of a complete recovery."

PROSSER AND KEETON ON THE LAW OF TORTS § 54 at 363–364 (5th ed. 1984) (footnotes omitted). *See also Valley National Bank v. Brown*, 110 Ariz. 260, 517 P.2d 1256 (1974). A collision that kills one person and damages two vehicles falls within any definition of sufficient "impact" to permit the recovery of emotional damages.[1]

■ Prentice argued below, and again here, that Ball cannot recover any damages suffered from witnessing the death of Jane Prentice, a stranger. He is correct, *Keck v. Jackson, supra*, but the facts of this case are far removed from the facts of *Keck* or *Quinn*. Ball was a participant and victim, not a bystander. Whether Ball's emotional problems, nausea, sleeplessness, tension and headaches are causally connected to the accident and the extent and duration of those injuries is a matter for jury determination. *See e.g. Thompson v. Sun City Community Hospital, Inc.*, 141 Ariz. 597, 688 P.2d 605 (1984). The trial court erroneously granted summary judgment, and we reverse.

## PUNITIVE DAMAGES

■ Ball's motion for partial summary judgment asked the court to rule that punitive damages were available, based on the facts in the record, in order to initiate discovery of Prentice's assets. The trial court's denial of this motion was probably based on Prentice's argument that our decision in *Larriva v. Montiel*, 143 Ariz. 23, 691 P.2d 735 (App.1984), controlled and that no discovery of a party's financial condition is permitted upon naked allegations seeking punitive damages. The record before us satisfies the requirements of *Larriva*. Driving past a stop sign directly in front of oncoming traffic with a blood alcohol level of .25 is conduct demonstrating a reckless indifference to the interests or safety of others and is sufficient to support a prima facie claim for punitive damages. *Volz v. Coleman*, 155 Ariz. 567, 748 P.2d 1191 (1987); *Linthicum v. Na-*

---

1. Since *Quinn* and *Keck,* Arizona courts have permitted recovery for negligent infliction of emotional distress even without impact if other criteria appear, and have adopted the law as provided by Restatement (Second) of Torts, §§ 313, 436 and 905 (1965).

*tionwide Life Ins. Co.,* 150 Ariz. 326, 723 P.2d 675 (1986); *Smith v. Chapman,* 115 Ariz. 211, 564 P.2d 900 (1977). *See also Olson v. Walker,* 162 Ariz. 174, 781 P.2d 1015 (App.1989) (it is sufficient that DUI driver should have known that his conduct was so egregious that it created a substantial risk of harm to others).

Whether a party who consciously consumes enough alcohol to raise her blood alcohol level to more than two and one-half times the legal limit and then drives a motor vehicle on public roads, has demonstrated conduct which shows an evil mind intending to interfere with the rights of others lawfully using the highway or disregarding the substantial risk that conduct poses of significant harm to others, is a question of fact for the jury. We hold there is sufficient evidence in this record for a jury to infer the necessary evil mind required in addition to the outrageous, reckless conduct necessary for imposition of punitive damages. Therefore, because there is sufficient evidence in the record to permit a jury finding that Prentice's intoxication contributed to the accident and injuries, Ball is entitled to commence discovery of financial worth.[2]

Reversed and remanded for further proceedings consistent with this opinion.

LIVERMORE, P.J., and FERNANDEZ, C.J., concur.

---

**2.** Whether Ball can recover punitive damages from Jane Prentice's husband or her estate was not briefed or argued, and our opinion does not address those issues.