901 P.2d 455

Yan GAU; Miau Yu, a minor child, by and through Jyou Jyang Yu, his father, next friend, Plaintiffs–Appellees,

v.

SMITTY'S SUPER VALU, INC., an Arizona corporation, Defendant–Appellant.

No. 1 CA–CV 93–0444.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 3, 1995.

Baltazar Iniguez, Phoenix, for plaintiffs-appellees.

Jennings, Strouss & Salmon, P.L.C. by James M. Ackerman, Katherine M. Cooper, J. Matthew Powell, Phoenix, for defendant-appellant.

## OPINION

FIDEL, Presiding Judge.

This appeal arises from Smitty's detention, on suspicion of shoplifting, of Yan Gau accompanied by Miau Yu, her four-year-old son. Smitty's appeals from a jury verdict in favor of Yan Gau and Miau Yu on their false imprisonment claims and in favor of Miau Yu on his negligence claim. Smitty's argues that the trial court should have disposed of all claims by directed verdict and that it is entitled to judgment notwithstanding the verdict or new trial.

We find that the trial court:

1) Should have directed a verdict in favor of Smitty's on Miau Yu's negligence claim but correctly allowed both Yan Gau's and Miau Yu's false imprisonment claims to proceed;

2) Incorrectly instructed the jury that Miau Yu's false imprisonment claim was dependent on Yan Gau's;

3) Should have directed the jury that Smitty's had reasonable cause for detaining Yan Gau; and

4) Should thereby have narrowed the issue of false imprisonment to whether Smitty's exceeded the scope of permissible detention.

### Facts and Procedural History

Yan Gau, a Smitty's shopper, placed a pair of children's sandals in her shopping cart and covered them with an advertising flier. Yan Gau later said she placed the sandals in the cart to quiet Miau Yu, who wanted them; covered them to make Miau Yu forget them, planning to return them; and then forgot them herself. Karen Rogers, a Smitty's security officer, observed Yan Gau's actions on a surveillance monitor and followed her to the checkout stand. Though Yan Gau paid for other items, she did not pay for the sandals, which remained in the bottom of her cart.

Yan Gau left the store, placed her groceries and purse inside her car, and lifted Miau Yu from the cart. She then picked up the sandals. She later said she had just discovered them and was about to return them to the store. At that moment, Rogers approached, identified herself as a Smitty's security officer, pointed to the sandals, and motioned Yan Gau back into the store. Yan Gau, who had recently arrived from China, spoke little English and did not understand what Rogers said. She first thought Rogers wanted the advertising flier. When Rogers pointed at her purse, Yan Gau thought Rogers was trying to rob her. When Rogers pulled at her purse and pointed at the sandals, Yan Gau understood that Rogers thought she had stolen the sandals and, ac-

companied by Miau Yu, followed Rogers to the security office inside the store.

Rogers directed Yan Gau and Miau Yu to separate corners of the office, searched Yan Gau's purse, photographed Yan Gau against her will, showed Yan Gau part of the surveillance video, and presented a form letter demanding payment of a statutory civil penalty plus the sandals' purchase price. Yan Gau, increasingly distraught, wrote her phone number on the form letter, hoping Rogers would call her husband. Rogers did not perceive a language problem and did not call the number that Yan Gau had written. Yan Gau claims that Rogers was abusive, yelling and slamming objects, and that Rogers took Miau Yu from the room without explanation.

Yan Gau hyperventilated and lost consciousness. Rogers and the night manager called for paramedic assistance. Rogers testified that she took Miau Yu from the security office when the paramedics arrived to attend to Yan Gau and that one of the paramedics took him to the parking lot to see the fire engine. When the paramedics took Yan Gau to the hospital, neither Rogers nor the night manager undertook to supervise Miau Yu. According to Rogers, a Tempe police officer took control of him at some point after the paramedics left.

Yan Gau's husband, Jyou Jyang Yu, was called by the police two hours after Rogers apprehended Yan Gau. When he arrived at Smitty's, he found Miau Yu crying. Taking Miau Yu, he went to the hospital where the paramedics had taken Yan Gau.

Yan Gau paid the statutory shoplifting penalty to Smitty's, criminal charges were dismissed with prejudice, and these personal injury claims proceeded to a jury. The jury awarded Yan Gau $8,370.02 in damages on her false imprisonment claim and awarded Miau Yu $12,500 on his false imprisonment and negligence claims. From judgment on the verdict and the denial of its post-trial motions, Smitty's appeals.

**I**

At the close of plaintiffs' evidence, Smitty's moved for a directed verdict on Miau Yu's negligence claim, arguing that plaintiffs neither alleged nor presented evidence of compensable harm. This motion should have been granted.

■ Miau Yu suffered no physical injury. His damages were transitory nightmares and sleep disturbance. In Arizona, a plaintiff may not recover for negligent infliction of emotional distress unless the shock or mental anguish is accompanied by or manifested as a physical injury. *Keck v. Jackson,* 122 Ariz. 114, 115, 593 P.2d 668, 669 (1979). "Transitory physical phenomena" such as weeping and insomnia "are not the type of bodily harm which would sustain a cause of action for emotional distress." *Burns v. Jaquays Mining Corp.,* 156 Ariz. 375, 379, 752 P.2d 28, 32 (App.1988); *see Ball v. Prentice,* 162 Ariz. 150, 781 P.2d 628 (App.1989) (permitting action for negligent infliction of emotional distress where plaintiff was a victim, not a bystander, and sustained minor physical injuries as well as significant emotional distress).

Plaintiffs argue that *Quinn v. Turner,* 155 Ariz. 225, 745 P.2d 972 (App.1987), supports the position that Miau Yu's sleeping problems sufficed to permit a negligence claim. But the plaintiff in *Quinn* suffered from grinding of teeth, loss of bladder control, and marked behavioral changes that required ongoing medical treatment. Miau Yu had two months of bad dreams and sleep disturbance, which subsided without medical treatment. Because these problems standing alone did not suffice to support a negligence action, Miau Yu's negligence claim must be dismissed.[1]

**II**

In contrast to a negligence claim, a false imprisonment claim does not require proof of physical injury to go forward. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 11, at 48 (5th ed. 1984). Miau Yu's

---

1. Because we remand for a new trial on the false imprisonment claims, we need not reach plaintiff's argument that the trial court's failure to direct a verdict on the negligence claim was harmless error.

false imprisonment claim is therefore not impeded by the absence of physical damages.

## A

■ Smitty's however, alleges other errors concerning Miau Yu's false imprisonment claim. First it claims that the trial court should have directed a verdict because it neither accused nor suspected Miau Yu of shoplifting. We disagree.

■ Smitty's intended to confine Yan Gau with the necessary consequence of also confining Miau Yu, her four-year-old child. Its liability to Miau Yu under these circumstances is explained in the Restatement (Second) of Torts:[2] According to Restatement § 35, an actor is subject to liability for false imprisonment for the wrongful confinement of another if "he acts intending to confine the other *or a third person* within boundaries fixed by the actor," "his act *directly or indirectly* results in such a confinement of the other," and "the other is conscious of the confinement or is harmed by it." *Id.* (emphasis added). If a confinement of one party imposes confinement on another party, "the actor is subject to liability to such other as fully as though it were intended so to affect him." *Id.* § 43. These provisions are dispositive of Smitty's first argument. That Miau Yu was merely an indirect, not the direct, target of confinement does not relieve Smitty's of liability on Miau Yu's false imprisonment claim.

A Louisiana court has drawn the opposite conclusion in a case involving detention of a grandmother and two grandchildren. *Thomas v. Schwegmann Giant Supermarket,* 561 So.2d 992 (La.Ct.App.1990). The court reasoned that the children were not entitled to damages because they were merely bystanders not accused of any misconduct. *Id.* at 996. We find the Restatement more persuasive.

■ Smitty's is correct that "the small children of detained shoplifting suspects cannot be left to roam a store or its parking lot unsupervised." But to expose a child to the wrongful detention or accusation of his parent or guardian and to consequential confinement with the parent or guardian is to expose the child to trauma of the type the tort of false imprisonment exists to remedy:

> The plaintiff is entitled to compensation for loss of time, for physical discomfort or inconvenience, and for any resulting physical illness or injury to health. Since the injury is in large part a mental one, the plaintiff is entitled to damages for mental suffering, humiliation, and the like.

*See* Keeton, *supra.* The damages that flow foreseeably from a false confinement of a caretaker flow equally foreseeably to an accompanying small child. We conclude that the Restatement properly permits recourse for such damages.

A merchant's power to detain for shoplifting entails responsibility as well. Arizona Revised Statutes Annotated ("A.R.S.") § 13-1805 permits a merchant to detain a suspected shoplifter if it has reasonable cause and if the detention is performed in a reasonable manner and for a reasonable length of time. To extend this duty to small children in the suspect's custody does not expose the merchant to "wide and unreasonably attenuated liability." *Cf. Thompson v. Better–Bilt Aluminum Prods. Co.,* 171 Ariz. 550, 553, 832 P.2d 203, 206 (1992) (discussing whether employer owes duty not only to employee but also to employee's spouse to notify employee of impending cancellation of family health insurance): To the contrary, the extension is narrowly circumscribed, and the merchant, by satisfying its duty to the suspect, will generally satisfy its duty to the child. *Cf. id.*

## B

■ Smitty's also argues that the trial court improperly instructed the jury:

> On the claim of Miau Yu for false imprisonment or wrongful detention, you are instructed that if you find for Yan Gau on her claim, you must also find for Miau Yu.

We agree in part.

We do not accept Smitty's argument that Miau Yu's claim was wholly unlinked to that

---

**2.** "Arizona courts generally follow the RESTATE-MENT in the absence of controlling Arizona au-

thority." *Dixon v. City of Phoenix,* 173 Ariz. 612, 621, 845 P.2d 1107, 1116 (App.1992).

of Yan Gau. We have previously indicated our acceptance of Restatement § 35, which explains the potential linkage of false imprisonment of a suspect and another. Had Smitty's detained Yan Gau without reasonable cause, it would have detained Miau Yu without reasonable cause as well, and a linking instruction would have been proper. We gather the trial judge intended the instruction in question to explain such linkage to the jury.

The problem with the instruction does not lie in the element of detention without reasonable cause but in the elements of unreasonable manner of detention and detention for an unreasonable time. The Restatement requires, as an element of a third person's false imprisonment claim, that "the other is conscious of the confinement or is harmed by it." Restatement (Second) of Torts § 35. These requirements may give rise to material issues of fact. Because a suspect and child might be detained for different lengths of time or separated and exposed to different circumstances of confinement, the unreasonably lengthy or intrusive or abusive confinement that establishes false imprisonment of the suspect might not pertain to or establish false imprisonment of the child. The given instruction was, therefore, overbroad, though we do not preclude the drafting of an appropriately narrowed linking instruction upon remand.

### III

Smitty's argues that it was entitled to a directed verdict on the question whether it had reasonable cause to detain Yan Gau. We agree.

A merchant may detain a suspected shoplifter without incurring liability if the storekeeper has reasonable cause to believe that the person shoplifted and if the detention is performed in a reasonable manner and for a reasonable length of time. A.R.S. § 13–1805; *Gortarez v. Smitty's Super Valu, Inc.*, 140 Ariz. 97, 103–05, 680 P.2d 807, 813–15 (1984). If the facts and reasonable inferences therefrom are not subject to material dispute, reasonable cause is a question of law to be determined by the court. *Koepnick v. Sears Roebuck & Co.*, 158 Ariz. 322, 326, 762

P.2d 609, 613 (App.1988); *see also Gortarez*, 140 Ariz. at 104, 680 P.2d at 814.

Yan Gau picked up the sandals, placed them in the cart, covered them with an advertising flier, and left the store without paying for them. This may have been inadvertent; it may have been deliberate; but the appearance was such that it gave Smitty's reasonable cause for suspicion of shoplifting. Because no factfinder could reasonably conclude otherwise, the trial court should have directed a verdict for Smitty's on the issue of reasonable cause and narrowed the issue to whether the length and manner of detention were reasonable.

### IV

Yan Gau argues that she is entitled to judgment as a matter of law on her false imprisonment claim because the detention was unreasonable as a matter of law. She contends that Smitty's unreasonably delayed calling the police and exceeded the scope of its statutory authority when its security guard photographed Yan Gau and searched her purse against her will.

A.R.S. § 13–1805(C) grants merchants the authority to

> with reasonable cause, [ ] detain on the premises in a reasonable manner and for a reasonable time any person suspected of shoplifting ... for questioning or summoning a law enforcement officer.

The statute does not authorize merchants to search the detained person or her possessions. But Yan Gau did not raise this issue in the trial court; thus it provides no basis for relief upon appeal. *See Schoenfelder v. Arizona Bank*, 165 Ariz. 79, 796 P.2d 881 (1990).

### Conclusion

For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

GARBARINO and WEISBERG, JJ., concur.