IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

APR 30 2012

COURT OF APPEALS
DIVISION TWO

JOSEPH M. ARPAIO and AVA ARPAIO,  )
husband and wife; KARYN            )
KLEINSCHMIDT, nka Karyn Markwell;  )
RANDAL S. HARENBERG and            )
CARLENE HARENBERG, husband and     )      2 CA-SA 2012-0015
wife; SANDRA M. GARFIAS,           )      DEPARTMENT B
                                   )
                   Petitioners,    )      O P I N I O N
                                   )
        v.                         )
                                   )
HON. GILBERTO V. FIGUEROA, Judge   )
of the Superior Court of the State of )
Arizona, in and for the County of Pinal, )
                                   )
                   Respondent,     )
                                   )
        and                        )
                                   )
JENNIFER BRAILLARD,                )
                                   )
            Real Party in Interest. )
                                   )

SPECIAL ACTION PROCEEDING

Pinal County Cause No. S1100CV200601548

JURISDICTION ACCEPTED; RELIEF GRANTED

Struck Wieneke & Love, P.L.C.
  By Daniel P. Struck, Amy L. Nguyen,
    and Nicholas D. Acedo                              Chandler
                                         Attorneys for Petitioners

Stinson Morrison Hecker, LLP
 By Michael C. Manning, Larry J. Wulkan,
    Leslie E. O'Hara, and Stefan M. Palys                          Phoenix
                                               Attorneys for Real Party in Interest

---

V Á S Q U E Z, Presiding Judge.

¶1        This special action arose from the underlying action real party in interest Jennifer Braillard had brought against petitioners Joseph and Ava Arpaio, Karyn Kleinschmidt, Randal and Carlene Harenberg, and Sandra Garfias in connection with the death of Braillard's mother. Petitioners challenge the respondent judge's order, directing them to give a "detailed accounting of the[ir] personal community assets" to their respective attorneys, who would in turn produce them for discovery if Braillard established a prima facie case for punitive damages. Petitioners further challenge the respondent's subsequent refusal to issue a protective order as to the information. We accept jurisdiction and grant relief.

## Background

¶2        Braillard brought an action against petitioners and multiple other defendants alleging negligence, gross negligence, and violations of 42 U.S.C. § 1983, after her mother, a diabetic, died in the Maricopa County Medical Center, where she was brought after spending three days in a Maricopa County jail without insulin or treatment for complications caused by the lack of insulin. Braillard also sought punitive damages "against the individual Defendants."

2

**¶3** The case was set for trial. At a pretrial hearing, Braillard pointed out that she had asserted punitive damages claims against many of the defendants, and although she conceded she was not "entitled to see their financial statements today," she maintained production of that information at a later time might lead to a delay. Braillard asked the respondent judge to order the defendants against whom she had asserted claims for punitive damage, including petitioners, to produce "personal sworn financial statements" that would be sealed and given to the respondent before the start of trial. Petitioners objected, arguing that because Braillard had not yet made a prima facie showing that punitive damages were appropriate, they should not be required to produce or disclose their records and that Braillard's request was "nothing more than an attempt to intimidate" them.

**¶4** The respondent judge apparently planned to wait until trial to decide whether Braillard had made a prima facie showing for punitive damages, thereby entitling her to present the issue of punitive damages to the jury. And, in order to avoid what he viewed as an inevitable delay either before or during trial, the respondent ordered petitioners to gather the information and provide it to their respective attorneys so it would be available if he later determined Braillard had made the requisite prima facie showing. During a telephonic status review hearing two days later, petitioners requested "a protective order with respect to the[ir] personal financial information" in the event the respondent determined a prima facie showing had been made. The respondent denied

3

that motion, stating he did not believe he had the authority to issue such an order. This special action followed.

## Discussion

¶5 "The decision to accept or reject special action jurisdiction is highly discretionary," and "[a] primary consideration is whether the petitioner has an equally plain, speedy and adequate remedy by appeal." *Am. Family Mut. Ins. Co. v. Grant*, 222 Ariz. 507, ¶ 9, 217 P.3d 1212, 1216 (App. 2009). "Although appellate courts do not 'routinely entertain petitions for extraordinary relief on discovery matters,' special action jurisdiction may be appropriate because a discovery order is not immediately appealable." *Id.* ¶ 10, *quoting Green v. Nygaard*, 213 Ariz. 460, ¶ 6, 143 P.3d 393, 395 (App. 2006) (finding special action jurisdiction appropriate "when the issue involves interpretation or application of civil procedure rules"). And when the subject of the discovery order is "privileged or confidential material," it is particularly appropriate to accept jurisdiction. *Cervantes v. Cates*, 206 Ariz. 178, ¶ 8, 76 P.3d 449, 452 (App. 2003); *see also Salvation Army v. Bryson*, 629 Ariz. Adv. Rep. 11, ¶ 1 (Ct. App. Mar. 2, 2012). Under these circumstances, petitioners' remedy by appeal would be inadequate.[1] Furthermore, petitioners' arguments present purely legal issues, which are likely to arise again and may be resolved appropriately by special action. *State ex rel. Romley v.*

---

[1]In her response, Braillard argues "there is no risk of irreparable harm at this stage in the litigation" because the petitioners have not been ordered to disclose their financial information to her. As discussed below, however, the possible harm here is not simply that arising from disclosure, but also that caused by the burden of production.

*Martin*, 203 Ariz. 46, ¶ 4, 49 P.3d 1142, 1143 (App. 2002). We therefore accept special action jurisdiction.

¶6 We first address Braillard's contention in her response to the petition for special action that "[t]he issue presented is moot." Based on comments the respondent judge made after this court granted petitioners' request for a stay of respondent's ruling, Braillard maintains the respondent "gave [petitioners] the very relief [they] seek[] from this Court." The comments to which she is referring are the following:

> I think my instinct at this point would be to say . . . if that's [the appellate court's] ruling, and that's what [it] feels most comfortable with, then we're probably going to take the risk. And on the twelfth day if I find there's a prima facie case and I order the documents produced and Sheriff Arpaio tells me to go jump in the lake, then I've got two choices. I hold him in contempt or [counsel] files another special action and the judge stays me and we move forward. I don't know that we're going to be able to do much more than that.

Those comments, however, were made in the context of this court having ordered the respondent's ruling on the petitioners' financial information stayed pending our resolution of this special action. Nothing in the respondent's comments suggests he had vacated his ruling or otherwise changed his position; rather, his comments show he was simply complying with this court's order. The issues raised in the petition are not moot.

¶7 We turn then to petitioners' argument that, in light of this court's decision in *Larriva v. Montiel*, 143 Ariz. 23, 691 P.2d 735 (App. 1984), the respondent judge's "order to produce should be vacated." "A trial court has broad discretion in resolving discovery disputes." *Am. Family Mut. Ins. Co.*, 222 Ariz. 507, ¶ 11, 217 P.3d at 1216.

5

But, "a court abuses its discretion when it commits an error of law in reaching its decision." *Id.*

¶8 Although we noted in *Larriva* that financial information about the defendant is relevant "in a proper punitive damages case," we added, "there must be prima facie proof of a defendant's liability for punitive damages before his wealth or financial condition may be discovered." 143 Ariz. at 24, 691 P.2d at 736. We rejected the approach adopted by some states, requiring "a preliminary liability verdict" before allowing financial discovery, as well as the approach of other states, allowing financial discovery in the absence of a prima facie showing on punitive damages. *Id.* at 25-26, 601 P.2d at 737-38. Rather, we determined that a plaintiff must make a prima facie showing "that he will be entitled to present the issue of punitive damages to the jury before discovery should be allowed in the financial area," noting this could be accomplished "through discovery, by evidentiary means or through an offer of proof." *Id.* at 26, 691 P.2d at 738.

¶9 In reaching this conclusion, we noted policy reasons for requiring a prima facie showing, which included the need to "'protect[] the defendant from an unwarranted invasion of privacy and harassment where the plaintiff has merely asserted a claim for punitive damages.'" *Id.* at 24, 691 P.2d at 736, *quoting Leidholt v. District Court*, 619 P.2d 768, 771 (Colo. 1980). The court in *Leidholt* further explained, "disproportionate discovery may increase the cost of litigation, harass the opponent, and tend to delay a fair and just determination of the legal issues." 619 P.2d at 770; *see also Richards v.*

6

*Superior Court*, 150 Cal. Rptr. 77, 80 (Ct. App. 1978) ("Response to discovery seeking financial information places a severe burden on the responder. As a minimum, there is the time and expense necessary to the compilation of a complex mass of information unrelated to the substantive claim involved in the lawsuit . . . .").

¶10        In our view, although the respondent judge's order did not require petitioners to disclose the information to Braillard, it nevertheless required them to find, compile, and provide their counsel with their financial information, which could be viewed as more harassing and burdensome to the defendants themselves than any subsequent disclosure required by their counsel. *See Larriva*, 143 Ariz. at 24, 691 P.2d at 736; *Richards*, 150 Cal. Rptr. at 80. We see no reason why the policies we emphasized in *Larriva* should not apply here, where the burden imposed on petitioners is essentially the same, entitling them to the protection we deemed necessary in *Larriva*.

¶11        In support of a contrary conclusion, Braillard cites several out-of-state and federal cases in which courts have ordered production of certain evidence for *in camera* review. We are not bound, however, by the decisions of the courts of other states, *Ramsey v. Yavapai Family Advocacy Ctr.*, 225 Ariz. 132, ¶ 32, 235 P.3d 285, 294 (App. 2010), nor those of the federal district courts, *Dube v. Likins*, 216 Ariz. 406, ¶ 37, 167 P.3d 93, 104 (App. 2007). And in any event, we do not find persuasive the cases on which Braillard relies here, given the legal and factual circumstances in which they were decided. Likewise, we reject Braillard's reliance on decisions of this court allowing for *in camera* review of other types of evidence. In those cases, unlike here, *in camera*

7

review was necessary in relation to the evidence itself—the courts were reviewing the content of the particular documents at issue to determine whether the information they contained was relevant or exculpatory. *See Blazek v. Superior Court*, 177 Ariz. 535, 541, 869 P.2d 509, 515 (App. 1994); *State ex rel. Romley v. Superior Court*, 172 Ariz. 232, 239, 836 P.2d 445, 452 (App. 1992).

¶12 Additionally, although in *Larriva* we set forth how a party may make the requisite prima facie showing that sufficient evidence exists to submit the question of punitive damages to the trier of fact, we did not expressly direct when that showing should be made during the course of the litigation. 143 Ariz. 23, 691 P.2d 735. Here, the respondent judge apparently believed the evidence presented at trial might not be consistent with counsels' representations thereof beforehand, and, consequently, determined he would make his ruling on the prima facie showing during trial. But, in *Leidholt*, on which we relied in *Larriva*, the court explained that the "issue may be presented to the court . . . when interrogatories are submitted by the plaintiff" and the defendant objects, "at a discovery hearing, or at a pretrial conference." *Leidholt*, 619 P.2d at 771; *cf. Ball v. Prentice*, 162 Ariz. 150, 152-53, 781 P.2d 628, 630-31 (App. 1989) (reviewing denial of motion for partial summary judgment "based on the facts in the record," and holding "there is sufficient evidence . . . for a jury to infer" what is "necessary for imposition of punitive damages"). And in *Larriva*, we stated: "If it appears from the discovery on the merits that a factual basis for punitive damages exists, then the plaintiff is permitted to discover the defendant's financial condition." 143 Ariz.

at 25, 691 P.2d at 737, *quoting Breault v. Friedli*, 610 S.W.2d 134, 139 (Tenn. Ct. App. 1980). Thus, in *Larriva* we suggested that a trial court should make its prima facie determination during the discovery phase of the litigation. We now state expressly that a court should determine, as soon as is reasonably possible, whether at a discovery hearing or pretrial conference, if a party has made a prima facie showing in support of punitive damages, "through discovery, by evidentiary means or through an offer of proof." *Id.* at 26, 691 P.2d at 738.

¶13        Lastly, petitioners argue the respondent judge erred when he concluded he lacked authority to issue an order requiring that "all the financial records be returned and/or sealed," because a "trial court does have the authority to issue a protective order."[2] Indeed, in the pretrial discovery context in which the respondent has ruled, Rule 26(c)(1), Ariz. R. Civ. P., provides that upon good cause shown, a court may make various protective orders that "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See also MacMillan v. Schwartz*, 226 Ariz. 584, ¶¶ 32-35, 250 P.3d 1213, 1220-21 (App. 2011) (discussing comparable Ariz. R. Fam. Law P. 53(A)). Thus, the respondent erred in concluding he lacked authority to issue a pretrial protective order concerning discovery materials.

¶14        The respondent judge expressed further concern about the presentation of the financial information at trial, particularly in light of anticipated media coverage of the trial. He stated: "I'm not sure that there's any provision that would authorize me to clear

---

[2]On review, Braillard takes no position as to the propriety of a protective order.

the courtroom when someone talks about their financial circumstances." To the extent that petitioners challenge the respondent's statement, we conclude it would not be appropriate for us to rule on this issue. It is not clear that the respondent's statement constitutes a ruling, thereby making any decision by this court premature and, thus, merely an advisory opinion. "An advisory opinion is 'anticipative of troubles which do not exist; may never exist; and the precise form of which, should they ever arise, we cannot predict.'" *W. Valley View, Inc. v. Maricopa Cnty. Sheriff's Office*, 216 Ariz. 225, n.6, 165 P.3d 203, 206 n.6 (App. 2007), *quoting Velasco v. Mallory*, 5 Ariz. App. 406, 410-11, 427 P.2d 540, 544-45 (1967). Because the respondent has not yet determined if Braillard has made a prima facie showing on punitive damages, it is unclear if such evidence will be admitted at trial. And it is unclear on the record before us what rulings the respondent has made in relation to media coverage of the trial. Thus, any decision from this court on this issue now would merely anticipate troubles that "may never exist." *Id.*

## Disposition

¶15         For the foregoing reasons, we conclude the respondent judge abused his discretion by ordering petitioners to produce their financial information in the absence of a finding by respondent that Braillard has made a prima facie showing on the issue of punitive damages, which would warrant submission of that issue to the trier of fact. *See* Ariz. R. P. Spec. Actions 3(c) (special action relief appropriate when respondent judge abuses discretion). The respondent also erred and thereby abused his discretion when he

concluded he lacked authority to issue, and therefore denied petitioners' request for, a pretrial protective order. *See Potter v. Vanderpool*, 225 Ariz. 495, ¶ 14, 240 P.3d 1257, 1262 (App. 2010) (court abuses discretion when it commits legal error). Petitioners' request for special action relief is granted, and the respondent's order is vacated. Accordingly, the stay order previously issued by this court is vacated and the respondent is directed to enter orders consistent with this decision.

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

11