NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 5 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONNIE D. STILWELL; COURTNEY STILWELL, husband and wife, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF WILLIAMS, an Arizona Municipal Corporation; JOSEPH DUFFY, Interim City Manager of the City of Williams; LYDA DUFFY, husband and wife; RAYMOND GLENN CORNWELL, former Public Works Director of the City of Williams; ELSIE CORNWELL, husband and wife; BILLY PRUITT; BESSIE PRUITT, husband and wife; TRACY FULLER; KATHY FULLER, husband and wife, <br><br> Defendants - Appellees. | No.    14-15540 <br><br> D.C. No. 3:12-cv-08053-HRH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, District Judge, Presiding

Argued and Submitted March 14, 2016
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Ronnie Stilwell appeals the district court's grant of

summary judgment in favor of the City of Williams on claims Stilwell brought

relating to his termination from City employment.   Specifically, Stilwell appeals

the District Court's grant of summary judgment with respect to the following

claims: (1) Age Discrimination Employment Act ("ADEA") retaliation; (2)

common law wrongful discharge; (3) Fourteenth Amendment Due Process

violation; (4) breach of implied contract; (5) intentional interference with contract;

(6) breach of implied covenant of good faith and fair dealing; (7) negligent

infliction of emotional distress; and (8) First Amendment retaliation.   We affirm

the grant of summary judgment with respect to claims five, six, and seven, and we

reverse and remand on claims one through four.[1]

## I.

## A.

The district court erred in granting summary judgment on Stilwell's ADEA

retaliation claim brought under 29 U.S.C. § 623(d).   Stilwell presented sufficient

evidence to survive summary judgment on the elements of a prima facie case of

---

[1] Stilwell's challenge to the district court's grant of summary judgment on his § 1983 First Amendment claim is resolved in a published opinion filed concurrently with this memorandum disposition.

retaliation: "(1) he was engaged in a protected activity; (2) he was thereafter subjected by his employer to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 891 (9th Cir. 1994). Neither party disputes the first element. As to the second and third factors, Stilwell offered evidence that the hostile treatment he received from Duffy began shortly after Stilwell agreed to testify on behalf of Carolyn Smith. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (per curiam) (citing cases for the proposition that "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action [is] sufficient evidence of causality to establish a prima facie case," when the "temporal proximity [is] 'very close.'" (quoting *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001))).

Although the City offers legitimate, nondiscriminatory reasons for its adverse employment action, *see Wallis*, 26 F.3d at 889, Stilwell in turn has met his burden of demonstrating "a genuine issue of material fact as to whether [these] reasons were pretextual." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1286-87 (9th Cir. 2000); *see Wallis*, 26 F.3d at 890 (To demonstrate pretext this, the plaintiff "must do more than establish a prima facie case and deny the credibility of

3

[the employer's] witnesses," but instead must produce "specific, substantial evidence of pretext." (first quoting *Schuler v. Chronicle Broad. Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986); then quoting *Steckle v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).   Certainly there were problems with management of the water department, but Stilwell offered evidence, including in his own declarations, suggesting that his negative performance reviews, Duffy's hostility towards him, and Duffy's ultimate decision to fire him, were all tied to Stilwell's decision to testify.   *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) ("[T]he district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature.").

## B.

The district court also erred in granting summary judgment on Stilwell's Arizona state law wrongful discharge claim.   *See* A.R.S. § 23-1501(c)(ii).   The court granted summary judgment as to this claim for the sole reason that there was no nexus between Stilwell's speech and his termination.   As explained with respect to the ADEA retaliation claim, there are genuine issues of material fact as to nexus, so we reverse the district court's decision on the Arizona state law wrongful discharge claim as well.

4

C.

The district court likewise erred in granting summary judgment on Stilwell's Fourteenth Amendment Due Process claim. "Property interests . . . are not created by the Constitution. Rather they are created . . . by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 922 (9th Cir. 2013) (first alteration in original) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Under Arizona law, an implied-in-fact contract altering at-will employment can result from "statements or conduct of the parties," and from "an employer's policy statements regarding job security or employee disciplinary procedures, such as those contained in personnel manuals or memoranda." *Roberson v. Wal-Mart Stores, Inc.*, 44 P.3d 164, 169 (Ariz. Ct. App. 2002). Essentially, "[a]n implied-in-fact contract term is formed when 'a reasonable person could conclude that both parties intended that the employer's (or the employee's) right to terminate the employment relationship at-will had been limited.'" *Id.* (first quoting *Demasse v. ITT Corp.*, 984 P.2d 1138, 1143 (Ariz. 1999) (en banc); then quoting *Metcalf v. Intermountain*

5

*Gas Co.*, 778 P.2d 744, 746 (Idaho 1989)). Whether there is an implied-in-fact contract is a question of fact. *Id.* (citing *Leikvold v. Valley View Cmty. Hosp.*, 688 P.2d 170, 174 (Ariz. 1984) (in banc)).

The City of Williams' employee manual provides terminated employees the right to appeal the cause underlying their termination. These provisions create a genuine dispute of material fact about whether a reasonable person could conclude that both parties intended to limit the right to terminate an employee. Summary judgment on this claim was therefore inappropriate.

### D.

For similar reasons, the district court erred in granting summary judgment on Stilwell's breach of contract claim. Because there is a genuine dispute of material fact about whether there was an implied contract, there is also a genuine dispute of material fact as to whether the City breached that contract when it terminated Stilwell.

### E.

The district court did not err in granting summary judgment on Stilwell's intentional interference of contract claim. Arizona has "'long recognized' that a person who intentionally interferes with contractual relationships *between other*

6

*parties* can be held liable under certain circumstances to a party injured by the interference." *Safeway Ins. Co. v. Guerrero*, 106 P.3d 1020, 1024 (Ariz. 2005) (en banc) (emphasis added) (quoting *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr.*, 38 P.3d 12, 31 (Ariz. 2002) (en banc)). If Cornwell and Duffy "were acting for the [City], they were the [City]" and thus any interference would not have been with a contract between other parties. *Barrow v. Ariz. Bd. of Regents*, 761 P.2d 145, 152 (Ariz. Ct. App. 1988) (explaining that summary judgment in favor of defendants is proper where the "plaintiff [] failed to produce any evidence that the defendants were acting other than within the scope of their authority as management representatives"). Stilwell has produced no evidence that Cornwell and Duffy acted outside the scope of their employment with the City, so he has not made a sufficient showing to support a claim on intentional interference with contract under Arizona law.

F.

We decline to reach the question whether the district court correctly granted summary judgment on Stilwell's claim for breach of the implied covenant of good faith and fair dealing because Stilwell waived this claim by waiting until his Reply Brief to discuss it. *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1356–57 (9th Cir. 1998). Accordingly, we affirm the district court's ruling on this issue.

7

## G.

Finally, the district court did not err in granting summary judgment on Stilwell's negligent infliction of emotional distress claim because Stilwell offered no proof that his emotional injuries manifested themselves in a physical manner. *See Quinn v. Turner*, 745 P.2d 972, 973 (Ariz. Ct. App. 1987) ("Physical impact to the plaintiff is not necessary, but the emotional distress must manifest itself in some physical way.").

## II.

For the foregoing reasons, we REVERSE in part, AFFIRM in part, and REMAND.

Each party shall bear its own costs on appeal.